## UNITED STATES v. RUTKIN.

### No. 10795.

United States Court of Appeals
Third Circuit.

Heard Dec. 18, 1952.

Decided Dec. 23, 1952.

See also, 189 F.2d 431.

Edward Halle, New York City, Joseph Sharfsin, Philadelphia, Pa., for appellant.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and GOODRICH and STALEY, Circuit Judges.

PER CURIAM.

The appellant, James Rutkin, who is now confined to jail, pending the disposition of his appeal, he having elected not to serve his sentence, has made application to this court for bail to the end that he may have an operation for a duodenal ulcer. The motion came on for hearing on December 15, 1952, but we delayed final hearing of it until December 18, 1952, so that we might have the advantage of medical reports concerning Rutkin's condition not available at the earlier date. In addition we have now had the opportunity of hearing Dr. Francis Hamill who testified to Rutkin's present condition in open court.

Upon consideration of the medical reports and Dr. Hamill's testimony, we conclude that Rutkin is in need of an operation if his health is to be preserved. An earlier application to this court for bail on the ground that a substantial question was raised by the appeal was considered by this court, sitting by another panel, and was denied. We will not review the issue as to whether a substantial question is presented by the appeal.

After careful consideration we have decided not to grant bail as sought by the present application. We do not now pass upon the question as to whether there is inherent power in this court to grant bail so that a convicted defendant may have an operation necessary to preserve his life or health. See the dictum in Wright v. Henkel, 1903, 190 U.S. 40, 23 S.Ct. 781, 47 L.Ed. 948. Cf. United States ex rel. Carapa v. Curran, 2 Cir., 1924, 297 F. 946, 36 A.L.R. 877; In re Gannon, D.C.E.D.Pa.1928, 27 F.2d 362; and Principe v. Ault, D.C.N.D.Ohio 1945, 62 F. Supp. 279. As presently advised we conclude that the medical regulations, in particular Section 708.01, as prepared by the Attorney General of the United States and set out in the United States Marshals Manual, permitting medical treatment of prisoners, are sufficient to enable Rutkin to un-

608

dergo the necessary operation with safety. The relief sought by Rutkin seemingly may be achieved without the interposition of this court.

Accordingly, the supplemental motion for bail will be denied.