## UNITED STATES v. MESAROSH et al.
### Cr. No. 13531.

United States District Court,
W. D. Pennsylvania.
Sept. 3, 1953.

See also D.C., 13 F.R.D. 180.

Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., William G. Hundley, Washington, D. C., and Richard Alfriend, III, Sp. Pros. Counsel, Department of Justice, Norfolk, Va., of counsel, for the Government.

Hymen Schlesinger, Pittsburgh, Pa., for all defendants.

Ralph E. Powe, Brooklyn, N. Y., for defendants Dolsen and Albertson.

Reuben Terris, New York City, for defendants Nelson, Careathers and Weissman.

MARSH, District Judge.

On August 20, 1953, the petitioners were convicted of conspiring to violate the Smith Act, 18 U.S.C. § 2385. After their arrest, bail was fixed for Steve Nelson, Irving Weissman and William Albertson at $20,000 each and for James Dolsen at $15,000. After verdicts and pending sentences and appeals, the Government requested that the bail of each be doubled. The court granted the request.[1]

Following sentences, oral motions to reduce the bail were refused. On August 28, 1953, notices of appeal were filed accompanied by a written petition for reduction of bail pending appeal. This petition was not brought to the Court's attention until September 1, 1953.

Among the reasons which were stressed in the petition are (1) that the court heretofore found that the petitioners were paupers; (2) that two of them—Nelson and Dolsen—are presently under bail to the Commonwealth of Pennsylvania in the sums of $20,000 and $10,000 respectively; (3) that in none of the previous Smith Act appeals was the bail fixed so high.

Rule 46(a) (2), Fed.Rules Crim. Proc. 18 U.S.C., provides: "Bail may be allowed pending appeal * * *." In fixing the amount, we think regard should be given to the nature and circumstances of the offense and the character of the petitioners as well as their financial ability.

In considering the character of the petitioners it is only necessary to observe that they are among the leaders of the Communist Party of the United States and have been part of the hard core of said Party practically all of their adult lives. All are completely dedicated to its principles. Nelson is a professional revolutionary having been trained in the Lenin School at Moscow. Both he and Dolsen have been convicted of sedition in the Pennsylvania State Courts. Weissman and Albertson have been agitators of expert quality in West Virginia, New York and Western Pennsylvania.

According to the finding of the jury, each of the petitioners intended to over-

---

1. The Court of Appeals for the Third Circuit reduced the bail from $40,000 for Nelson, Albertson and Weissman to $25,000 and from $30,000 for Dolsen to $20,000. Order entered Sept. 18, 1953.

throw and destroy the Government of the United States by force and violence as soon as circumstances would permit and conspired to teach and advocate such overthrow and destruction by force and violence. These circumstances are persuasive that their crime is of the gravest concern to the Government and to the public; the fact that the maximum term of imprisonment is comparatively light is only one of the factors to be considered in connection with the nature of the offense, and is certainly not the controlling factor.

 The evidence is convincing that this conspiracy is widespread and is one of dangerous character. We take judicial knowledge that to date more than fifty persons have been convicted in trials held in New York, Baltimore, Los Angeles, and Hawaii. Other trials are pending. Four of these persons previously convicted in the Southern District of New York forfeited bail and, as counsel for defendants expressed it, became "refugees." These fugitives from justice were partners with these petitioners in the same conspiracy.

 From the testimony, we gather that the conspiracy involved a high degree of discipline among the conspirators which compels them to obey orders regardless of the consequences. Also, we gather that co-conspirators remaining at large have gone underground and great secrecy presently surrounds their identity and whereabouts. These petitioners unquestionably occupy a high place in the leadership of the conspiracy. They were shown beyond peradventure to be intelligent and well-trained conspirators. Each of them, prior to sentence, expressed unequivocal and continued loyalty and allegiance to the Communist Party and its objects and purposes. We believe their value to the conspiracy is of a high order and that each would unhesitatingly disappear if ordered to do so.

It is true that the discoverable assets of the petitioners were such as to move the court to permit them to proceed in their defense as paupers, but the testimony indicates that they still receive compensation from the Communist Party which probably considers them subject to its orders. Also, the trial record indicates that they received considerable other support from sources undisclosed to the court. Up to this time, so far as we are aware, the petitioners and their convicted co-conspirators throughout the country have not experienced any difficulty in raising bail in substantial amounts. Deposits of money rather than bail bonds have been used here, and the petition does not aver that "the friends" of the petitioners will not continue to come forward and post the necessary funds or purchase bail bonds with the cash already on hand. Although each is apparently of slight financial worth, the cash resources of the petitioners and their co-conspirators, as shown by the petition itself, seem to be quite extensive.

Upon these considerations and others mentioned by the Government Attorneys, we think the bail as presently fixed for each of the petitioners is reasonably calculated to fulfill the purpose of assuring that they will submit to execution of sentences if and when their convictions are affirmed. Accordingly, an Order will be entered denying the petition to reduce bail.