UNITED STATES of America, Plaintiff,

v.

Sidney STEIN, George Blake Charney, Alexander Trachtenberg and Marion Bachrach, Defendants.

United States District Court
S. D. New York.

Sept. 7, 1955.

Order Modified March 9, 1956.

See 231 F.2d 109.

See also D.C., 18 F.R.D. 17.

Lloyd F. MacMahon, U. S. Atty. for S. D. N. Y., for plaintiff, David H. Harris, Sp. Asst. to the Atty. Gen., of counsel.

Reuben Terris, New York City, for defendant Sidney Stein.

HERLANDS, District Judge.

This is a motion by defendant Stein to have his bail reduced from $50,000 to $1,000.

Simultaneously with this motion, defendant Stein applied for a writ of habeas corpus to reduce his bail in the sum of $75,000, pending appeal, as fixed by the Ninth Circuit Court of Appeals. In accordance with defendant's request, we have read and considered defendant's affidavit in the habeas corpus proceeding, as if it were part of the application at bar.

This defendant, together with twenty co-defendants, was indicted in the Southern District of New York on June 19, 1951 and charged with a conspiracy to violate 18 U.S.C. § 11 (1946 Ed.), and 18 U.S.C. § 2385 (1948 Ed.). On the same day, a warrant for the arrest of defendant was issued. Efforts to apprehend him proved unavailing. On June 20, 1951, a bench warrant was issued. On the same day, the United States Attorney issued a fugitive letter. Until his apprehension on August 27, 1953, the authorities were unable to locate defendant and serve the bench warrant.

When finally apprehended, defendant was found in the company of one Robert G. Thompson, who had forfeited bail pending appeal after conviction on a similar indictment, and who was also apprehended on a fugitive warrant.

Four days thereafter, a complaint was filed with the United States Commissioner in the Northern District of California, Southern Division, charging defendant with harboring said Thompson and for conspiracy to harbor said Thompson. Commissioner's bail was fixed at $35,000 in connection with the California charges, and at $100,000 on the fugitive warrant issued out of the Southern District of New York.

On September 13, 1953, on appeal to the District Court for the Northern District of California, the California bail in the amount of $35,000 was affirmed; and bail on the New York fugitive warrant was thereupon reduced to $1,000. United States v. Kremen, D.C.N.D.Cal.1953, 114 F.Supp. 899, 905.

The action of the California district court refusing to reduce the $35,000 bail was affirmed by the Ninth Circuit Court of Appeals. Steinberg v. United States, 9 Cir., 1953, 207 F.2d 772.

On April 26, 1954, defendant was convicted on both counts of the California indictment. On May 3, 1954, he was sentenced to three years. Notice of appeal was filed by defendant. Annexed thereto was an application for bail pending appeal. Bail was denied by the California district court. However, on May 25, 1954, the Ninth Circuit Court of Appeals (one judge dissenting) did grant bail pending appeal and fixed it at $75,000. On June 22, 1954, a motion to reduce the amount of the $75,000 bail

pending appeal was denied. On July 9, 1954, a similar motion was made before Chief Justice Warren (then sitting in California as circuit judge). The motion was denied.

On May 25, 1955, defendant was produced before this court on a writ of habeas corpus *ad prosequendum* to stand trial under the instant indictment, which had been returned on June 19, 1951. On June 3, 1955, District Judge Leibell issued a bench warrant pursuant to said writ. On the same day bail thereon was fixed in the sum of $50,000 for appearance by defendant pending trial. The motion now before this court is to reduce the $50,000 bail imposed by Judge Leibell.

 Mindful of the "policy and philosophy of bail" articulated in Stack v. Boyle, 1951, 342 U.S. 1, 10, 72 S.Ct. 1, 6, 96 L.Ed. 3, this court has scrutinized the record for those facts, extrinsic to the indictment, that are relevant to the controlling statutory and constitutional standards. In the final analysis, the decision of a motion to reduce bail as fixed by another district judge, involves an inquiry into the question whether the exercise of the original court's discretion falls "within a zone of reasonableness" or whether it violates "statutory and constitutional standards". Stack v. Boyle, supra, 342 U.S. at page 6, 72 S.Ct. at page 4. Where bail is found to be excessive, "there is no discretion to refuse to reduce" it. Stack v. Boyle, supra, 342 U.S. at page 6, 72 S.Ct. at page 4.

The record before this court, unlike that in Stack v. Boyle, is replete with evidence, extrinsic to the indictment, supplying factual data on the basis of which the court can delineate the special circumstances that justified, if indeed they did not require, the fixation of bail in the amount of $50,000.

 Under Fed. Rules Crim.Proc. rule 46(c), 18 U.S.C.A., the amount of bail imposed shall be such as "will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant." Therefore, the motion before this court to reduce bail must be considered in view of the criteria established by Rule 46(c). Having carefully examined the facts with reference to the requirements of Rule 46 (c), this court is led inexorably to the conclusion that the $50,000 bail should not be disturbed.

This conclusion is predicated upon the following evidence:

(1) The Government was forced to conduct an intensive two-year search to locate defendant after indictment was returned by the grand jury for this district.

(2) Defendant, when apprehended, was in the company of another fugitive from justice, who had himself forfeited bail of $20,000.

(3) Defendant deliberately continued to remain in hiding when fifteen of his co-defendants were convicted on January 21, 1953, after a widely-publicized trial.

(4) Defendant is skilled in the techniques of avoiding detection. On August 27, 1953, he was located at a secluded cabin in the Sierra Nevada Mountains, using an alias, and possessing elaborate documentary indicia of a fabricated biography.

(5) Defendant has been repeatedly adjudicated to be a person without respect for legal processes and a person amenable to flight from such processes. Commissioner's bail was fixed at $35,000 on the California indictment and sustained on appeal to the district court. The district court's refusal to reduce bail was affirmed by the Ninth Circuit Court of Appeals. After conviction on the California indictment, an application for bail pending appeal therefrom was refused by the district court; and, while reversing the district court's refusal to

grant bail pending appeal, the Ninth Circuit Court of Appeals set bail at $75,000. A motion to reduce the amount of this bail pending appeal was denied by the Circuit Court of Appeals. A similar motion made before Chief Justice Warren, as circuit judge, was denied.

The foregoing facts establish that, in fixing bail at $50,000, Judge Leibell had before him special circumstances justifying a departure from the amount usually set for similar offenses.

Defendant's motion is denied.