**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sidney STEIN, Defendant-Appellant.**

**No. 288, Docket 23925.**

United States Court of Appeals
Second Circuit.

Argued March 6, 1956.

Decided March 9, 1956.

Writ of Certiorari Denied

May 21, 1956.

See 76 S.Ct. 835.

Thomas B. Gilchrist, Jr., Chief Asst. U. S. Atty. for S. D. N. Y., New York City (Paul W. Williams, U. S. Atty., and Morton S. Robson, Asst. U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Reuben Terris, New York City, for defendant-appellant.

Before CLARK, Chief Judge, and GALSTON, District Judge.

PER CURIAM.

The defendant was a fugitive for over two years, with widespread newspaper publicity concerning his flight; when apprehended in 1953 he was harboring one Robert G. Thompson, a fugitive from a Smith Act conviction. 18 U.S. C. § 2385. Obviously he is not the best of risks for bail, as the able opinion of Judge Herlands shows. D.C.S.D.N. Y., 18 F.R.D. 248. But there seem, if anything, special reasons for even-handed justice in these Smith Act prosecutions, see Stack v. Boyle, 342 U.S. 1, 5, 6, 9, 10, 72 S.Ct. 1, 96 L.Ed. 3; and we should not go beyond normal bounds,[1] as we really feel the very high bail of $50,000 here set and continued does. After his apprehension in 1953, the United States District Court for the Northern District of California released him in bail of $35,000 upon charges growing out of his harboring of Thompson and $1,000 on the charges pending here; being thereafter convicted he duly surrendered and has since been serving his prison sentence. 18 F.R.D.

1. See instances cited in United States v. Noto, 2 Cir., 226 F.2d 953, 955, and by Mr. Justice Harlan in proceedings for bail in the same case, Noto v. United States, 76 S.Ct. 255, where he set bail at $10.000, instead of the $30,000 set below.

248, 249; and see also United States v. Stein, D.C.S.D.N.Y., 18 F.R.D. 17, 20, 21. He appears to be without financial resources, and his wife works at a small wage to support their two children. We think the ends of justice and public policy will be better served if the bail is reduced to $30,000. Accordingly we so order.

Modified; bail reduced to $30,000

Waterman, Circuit Judge, dissented.