**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ALLIED STEVEDORING CORPORATION, John Ward, John Potter, and Michael Bowers, Defendants-Appellants.**

**Docket 24119.**

United States Court of Appeals Second Circuit.

Motion Submitted July 23, 1956.

Decided Aug. 1, 1956.

Arthur M. Laufer (of Manes, Sturim, Donovan & Laufer), New York City, for defendants-appellants.

Martin Carmichael, Jr., Sp. Asst. to Atty. Gen., New York City (Paul W. Williams, U. S. Atty., S. D. N. Y., and Joseph DeFranco, Asst. U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

This is a renewed motion for bail pending appeal after it had been denied both in the district court and before us on successive hearings for lack of a substantial question for review as required under the former Rule 46(a) (2), F.R.Cr.P. It is being had pursuant to the direction of Mr. Justice Frankfurter, acting as Circuit Justice upon the disqualification of Mr. Justice Harlan, that consideration be given to the effect of the new and amended form of this rule effective July 8, 1956. After a further hearing by this court on July 17, 1956, we determined that the matter should have the consideration of the trial judge. Accordingly Judge Palmieri, after further hearing, has filed a carefully reasoned and detailed opinion dated July 20, 1956, 143 F.Supp. 947, again denying bail pending appeal. Appellants have now renewed their motion before us.

The new form of Rule 46(a) (2) is not entirely clear to us, and we have not the aid in interpretation of any history as to it or of any report of an Advisory Committee or other material for enlightenment. Hence we cannot make an authoritative interpretation be-

**910**

fore the Supreme Court speaks. It is to be noted, however, that the language of the former rule granting discretion that bail "may be allowed pending appeal or certiorari" is still continued, now subject to the limiting clause "unless it appears that the appeal is frivolous or taken for delay." We think a fair interpretation of the rule and one in line with sound public policy is therefore to continue at least some measure of discretion in the court except where it appears that the appeal is frivolous or taken for delay and where denial of bail is mandatory. So interpreting the rule and without passing upon Judge Palmieri's view that here the appeals could be considered frivolous or taken for delay, we are convinced that he has well set forth reasons why in the exercise of sound judgment and wise policy these defendants should not be set at liberty pending appeal. Accordingly we deny the renewed motion.

Motion denied.