**UNITED STATES of America**
**v.**
**Joseph DI CANDIA.**

United States District Court
S. D. New York.

Dec. 11, 1957.

Paul W. Williams, U. S. Atty., New York City, by David Jaffe and Edward R. Cunniffe, Jr., Asst. U. S. Attys., New York City, for the United States.

Jacob J. Rosenblum, New York City, for DiCandia, by Daniel H. Greenberg, New York City, of counsel.

WEINFELD, District Judge.

The defendant, Joseph Di Candia, moves, pursuant to amended Rule 46(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for admission to bail pending appeal from a judgment of conviction on thirteen substantive counts for aiding and abetting a bank president to wilfully misapply its funds and for conspiracy to do so.

He was sentenced to concurrent three-year terms on all counts.

DiCandia was the president and principal stockholder of a corporation which was a depositor in the Home National Bank of Ellenville, New York, which was insured by the Federal Deposit Insurance Corporation.

After the legal limit of loans, which the bank could extend to the depositor corporation had been reached, the defendant as its officer drew checks over a five year period which were honored upon order of the bank's president, although at no time were there sufficient funds in the depositor's account to cover them. The use of the bank's funds to pay these overdraft checks was the result of joint action between the defendant and the bank president (who was a co-defendant and pleaded guilty to all counts of the indictment).

In all, over the five-year period, the defendant, or the corporate depositor, received close to one million dollars of the bank's funds. This siphoning of its funds, aggravated by a somewhat similar situation in the instance of another depositor involving over two hundred thousand dollars, led to the bank's closing when the irregularities were discovered.

A principal defense of the defendant, based in the main upon statements made following the closing of the bank (the defendant did not take the stand; the defendants rested upon the Government's case) was that he believed the bank president was advancing his personal funds or credit to make good the overdrafts and, accordingly, the bank's funds were not wilfully misapplied.

The defendant was represented by able counsel of considerable experience in the trial of criminal cases who was assisted by two partners, also with much trial experience. Upon the completion of the Court's charge no exception was taken. Thus, the basis of attack upon the judgment of conviction must center about errors allegedly committed during the trial.

Appeal counsel in urging the granting of bail attacks the judgment of conviction upon three grounds;

(1) that the Court dominated the trial by questioning witnesses at length (the interrogation was only of Government witnesses on direct and cross-examination, since there were no defense witnesses); that the defendants were deprived of a fair trial in that the Court's questioning conveyed to the jury a belief of the defendants' guilt.

(2) that the Court's charge unfairly reviewed the evidence and in effect was a summation for the Government.

(3) that the evidence was insufficient to support the verdict.

The application for bail was made immediately following the imposition of sentence. In view of the charges, which were made orally upon argument of the motion, and without supporting affidavits, the Court did not forthwith pass upon the motion but has since reviewed the transcript of the trial minutes to determine whether bail should be granted or whether the appeal is frivolous or taken for delay.

The fact that the attack is leveled upon the Court, however much the Court would prefer not to pass upon the issue, does not, in and of itself, compel a finding that the appeal is not frivolous; otherwise, the granting of bail under such circumstances would be automatic and remove discretion from the Court. The liberalized Rule still does not make it mandatory to grant bail on appeal.

It is true that the Court questioned witnesses. The nature of the charges, which included a conspiracy count, the reliance upon circumstantial evidence as to some elements of the offenses charged, the involved details of banking procedures, and the unorthodox practices of the bank president to mention but several items, fully warranted questioning by the Court so that the issues would be clearly presented and obscure portions of the testimony clarified —unless its function is to sit like "a bump on a log". The rule, of course, is

to the contrary. See, United States v. Rosenberg, 2 Cir., 195 F.2d 583, 594 citing with approval Simon v. United States, 4 Cir., 123 F.2d 80, 83, certiorari denied, 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555.

The jury was specifically instructed when a witness was questioned by the Court and again, during the Court's charge, as to the nature of the Court's function and the reason for the interrogation. These instructions emphasized that the jury was to draw no inference of any kind, either that the Court entertained any view of the credibility of the witness, or the guilt or innocence of the defendants—that such determination was solely and exclusively the function of the jury which none had a right to invade. At no time did trial counsel raise any issue as to the Court's questioning of witnesses, which clearly could have been done in the absence of the jury—as many other matters were so presented by trial counsel.

█ As to the second ground, suffice it to say that three experienced counsel, each of whom participated in the trial from beginning to end, found the charge unexceptionable. The fact that appeal counsel after a review of the record, feels exceptions should have been taken by trial counsel, does not mean he has established that his contentions are not frivolous.

No point with respect to the receipt or exclusion of evidence meriting discussion has been called to the Court's attention on this application.

█ Finally, as to the motions made at the close of the Government's case, and again at the close of the entire case after the defendant had rested, nothing need be said other than that a fair appraisal of the evidence clearly warranted submission of the case to the jury—and that its verdict finds full support in the record.

Accordingly, the Court is of the view there is no basis within the purview of the amended Rule 46(a) (2) upon which to grant the motion for bail pending appeal and, accordingly, it is denied.