UNITED STATES of America

v.

Frank SENATORE, Defendant.

Crim. No. 44458.

United States District Court
E. D. New York.

Feb. 26, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for United States, Morton J. Schlossberg, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

James J. Hanrahan, New York City, for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves for the allowance of bail pending appeal, pursuant to Rule 46(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides that bail may be allowed pending appeal unless it appears that the appeal is frivolous or taken for delay.

The defendant was found guilty on a charge of receiving goods, knowing them to have been stolen, also on a conspiracy charge and sentenced to a term of imprisonment of six months.

Neither the moving affidavit of Mary Senatore nor paragraphs 1 to 9, both inclusive and paragraph 12 of the accompanying affidavit of James J. Hanrahan are relevant to the application and therefore may not enter into consideration herein.

Paragraphs 10 and 11 of the latter affidavit are merely a rephrasing of Rule 46(c) of said Rules.

In paragraph 13 of the said affidavit, Mr. Hanrahan, the defendant's trial counsel, sets forth various grounds of appeal, which are hereinafter analyzed.

The first of the trial errors alleged is that the Government failed to produce the report of a witness, a Federal Agent. This has no merit in that the defendant did not request its production.

The second alleged error is that the Court refused to furnish the addresses of codefendants. This obviously is without merit.

The third alleged error is that the prosecutor, over objection, was permitted to cross-examine the defendant fully concerning the 1934 incident. The inquiry resulted from a question of the defendant as to whether he had ever used any name other than his own. In replying, the defendant requested an opportunity to give a full explanation to which the defendant's attorney offered no objection.

The fourth alleged error is that the Court on divers occasions refused to permit specific objections to evidence. Very properly, the defendant's attorney was requested to avoid lengthy state-

ments and to make his objections in the usual form.

 The fifth assignment of alleged error is that the Court refused to permit the defendant's attorney to read his requests to charge in the presence of the jury. The Court's ruling was in accord with Rule 30 of the said Rules.

The sixth alleged error relates to the claimed misconduct of the prosecutor and is entirely unsupported and unwarranted.

It appearing that the appeal is frivolous and taken for delay, the motion is in all respects denied.