# UNITED STATES of America
## v.
## Fred DAVIS.
## No. 59 CR 327.

United States District Court
N. D. Illinois, E. D.

Dec. 10, 1959.

Robert Tieken, U. S. Atty., Chicago, Ill., for plaintiff.

Edward R. Gayles, Chicago, Ill., for defendant.

MINER, District Judge.

The defendant, Fred Davis, was found guilty by a jury on November 13, 1959, on all of the counts of the indictment. Counts 1, 2 and 3 charged the defendant

with the sale of narcotics and Count 4 charged the defendant with unlawfully concealing, buying and facilitating the transportation of narcotics.

On the 30th day of November, 1959, counsel for the defendant presented and argued a motion to set aside the verdict of the jury and to grant a new trial. The said motion was denied, and the Court entered judgment in accordance with the verdict of guilty.

The defendant, Fred Davis, who did not testify in his own behalf during the trial, was then asked by the Court if he desired to make a statement in his own behalf. Whereupon the said defendant presented information which purported to be in mitigation of punishment, which attempted to explain and justify some of his acts as well as his previous convictions, and which was relevant to the question whether and on what terms he should be enlarged on bail pending any appeal he might prosecute from the judgment of conviction herein. The Assistant United States Attorney thereupon introduced into evidence and filed of record a detailed statement setting forth prior convictions of Fred Davis, which said statement is here referred to and hereby made a part hereof.

Among the items in said statement are: (1) a conviction on July 10, 1935, wherein the defendant, Fred Davis, entered a plea of guilty to the sale of narcotics; (2) a conviction on June 22, 1937, wherein the defendant, Fred Davis, entered a plea of guilty to the sale of narcotics, etc.; (3) a conviction on April 14, 1950, wherein the defendant, Fred Davis, entered a plea of guilty to the sale of narcotics, etc. The defendant, Fred Davis, admitted in open court that he was one and the same person convicted as aforesaid.

The sale of heroin is the most hideous and diabolical crime against mankind. At times it is more treacherous than murder. It inflicts living deaths upon its victims by resulting in serious physical and mental disorders. It strews human wreckage in its path.

The prohibitive cost of procurement of narcotics, together with the incapacitation of the addicts to procure and maintain steady employment, are too frequently the causes of juvenile delinquency and every conceivable crime, including robberies and murders, to satiate the craving.

■ To check the illicit source of this paralyzing drug, there is a determined tendency in Congress to enact more strenuous laws and to provide more severe penalties for Federal violators. Such efforts would be futile unless the courts assume a corresponding responsibility in making administration of these laws efficacious by imposing appropriate penalties commensurate with the crime.

■ Accordingly, I hereby sentence the defendant, Fred Davis, to be committed to the custody of the Attorney General or his authorized representative for imprisonment of twenty (20) years on Count 1, and twenty (20) years on Count 2 of the indictment, to run consecutively. The sentence imposed on Count 2 shall commence at the termination of and follow the sentence imposed on Count 1.

I further order that the defendant be, and he is hereby, committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of twenty (20) years on each of Counts 3 and 4 of the indictment and that the said sentences shall run concurrently with each other and concurrently with the sentences imposed on Counts 1 and 2.

■ Having examined the defendant in open court upon the question of bail, having heard the arguments made and having read the statement presented by the United States Attorney relevant to the said question, and having heard arguments of counsel for the defendant, it appears to the Court, from the facts aforesaid and in view of the length of the sentence, that the defendant is not a safe risk for bail during the pendency of any appeal that may be prosecuted herein.

To insure his presence in court, to prevent his flight to escape the consequences of his criminal acts, and to halt his trafficking in heroin during the pendency of any such appeal, I now commit him to the custody of the Attorney General or his authorized representative for imprisonment as aforesaid without bail.

In discussing Rule 46 pertaining to bail, in the case of Ward v. United States, 1956, 76 S.Ct. 1063, 1065, 1 L.Ed.2d 25, Mr. Justice Frankfurter, acting in his capacity as Circuit Justice, noted that before bail may be disallowed pending an appeal, the trial judge ought to be persuaded by the Government that "the minimum standards for allowing bail" are not met, and that

> "Granting of bail certainly presupposes confidence that a defendant will respond to demands of justice. In fixing the amount of bail, Rule 46(c) explicitly adverts to the trustworthiness of a defendant. The bail must be of an amount to 'insure the presence of the defendant.' Impliedly, the likelihood that bail within tolerable limits will not insure this justifies denial of bail."

The Court of Appeals for the Seventh Circuit, in United States v. Iacullo, 225 F.2d 458, had before it in 1955 the predecessor of the 1956 rule provision and quoted from the 1950 decision by Mr. Justice Jackson, as Circuit Justice, in Williamson v. United States, 2 Cir., 184 F.2d 280, at page 281:

> "To remain at large, under bond, after conviction and until the courts complete the process of settling substantial questions which underlie the determination of guilt cannot be demanded as a matter of right. It rests in sound judicial discretion."

In a marginal note in the same decision, Mr. Justice Jackson described the history of the rule and explained its true meaning:

> "The unpublished history of the rule in the files of this Court shows that the Advisory Committee submitted it to this Court with this language in the first line, 'Bail *shall* be allowed * * *.' By letter of December 21, 1944, Chief Justice Stone returned the proposed rules, stating that the word 'shall' should be change to 'may.' It is apparent that the language of the rule was not casual or loose and that the basis for claiming bail as a matter of right was deliberately eliminated. Although Rule 46 was a restatement of the existing law, the third sentence is new. In a note attached to an early draft, the following comment was made: 'The discretionary power to admit to bail pending appeal is made explicit in the new closing sentence,' citing Rossi v. United States, 8 Cir., 1926, 11 F.2d 264.

> "Further, it is to be noted that 'may' is used three times in the rule, once in each of the three sentences. I should hardly suspect that this Court used the word with inconsistent meanings—twice to mean "must" an (*sic*) once to mean 'may.' The only consistent meaning is that 'may' means just that; the judge is empowered to use his own best judgment as to whether a defendant should be free on bail." (Italics by Mr. Justice Jackson.)

This our Seventh Circuit Court of Appeals has called the "guiding interpretation of Rule 46(a) (2)" [225 F.2d 460], and, subject to the 1956 change in language and meaning, it remains today the guiding interpretation of the rule.