**Paul John CARBO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Joseph SICA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17743.**

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1962.

William B. Beirne, A. L. Wirin, Russell E. Parsons, Los Angeles, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Alving H. Goldstein, Spe. Asst. to Atty. Gen., Robert E. Hinerfeld, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Pursuant to the remand ordered in our opinion of January 22, 1962, 300 F.2d 889, the District Court reviewed the application of each of the defendants to determine whether bail could be fixed in an amount which would be effective to deter flight pending appeal, and concluded "on the whole record in the case this court is fully and firmly satisfied that bail cannot be fixed in any amount or any conditions or terms which will provide effective deterrent to flight of either defendant Carbo or Sica pending appeal." Accordingly, the District Court again denied bail.

 Bail is normally to be available pending appeal unless the appeal is frivolous or taken for delay. However, the granting of bail remains a matter of discretion. And although the responsibility for decision remains with us, the judgment of the District Court as to the proper exercise of that discretion in a particular case is entitled to great respect. Cohen v. United States, 82 S.Ct. 8, 9, 7 L.Ed.2d 13 (1961); Di Candia v. United States, 78 S.Ct. 361, 362 (1958); Ward v. United States, 76 S.Ct. 1063, 1066, 1 L.E.2d 25 (1956); Anthony v. United States, 250 F.2d 427 (9th Cir. 1957). We have examined the applications and their supporting papers with care, and are satisfied that the District Court was correct in concluding that there is a substantial likelihood that each of the defendants would become a fugitive from justice if admitted to bail and that no amount of bail which the defendants could produce would provide an effective deterrent. We do not find in this case any special factors of the kind which

were found to be present in Cohen v. United States, 82 S.Ct. 8, 9, 7 L.Ed.2d 13 (1961), which might induce the defendants to surrender.

Since these defendants have been deprived of their freedom since February of 1961, we consider it appropriate that the appeals be expedited. Counsel for the defendants and the government are instructed to confer and submit to the court a schedule for the briefing and arguing of the appeals at the earliest practicable time consistent with a full presentation.