**UNITED STATES of America, Appellee,**

v.

**Carmine GALANTE, Defendant-Appellant.**

**Docket 27733.**

United States Court of Appeals Second Circuit.

Argued Sept. 5, 1962.

Decided Sept. 7, 1962.

See also 298 F.2d 72.

O. John Rogge, New York City, for defendant-appellant.

Jonathan L. Rosner, Asst. U. S. Atty., S.D.N.Y., New York City, for appellee.

Before KAUFMAN, Circuit Judge.

KAUFMAN, Circuit Judge.

The defendant, in a trial before District Judge MacMahon, was convicted of participation in a conspiracy to violate the federal narcotic laws, 21 U.S.C.A. §§ 173, 174, and sentenced to twenty years in prison and a fine of $20,000. Upon handing down his sentence, Judge MacMahon stated to the defendant:

"[T]he evidence on the trial shows that you were the leader of this vicious criminal enterprise. * * * You have a criminal record which proclaims your total contempt for law, order and civilized society * * You are a threat to the public safety * * *" (Record, p. 9254).

The defendant is taking an appeal of his conviction to this Court, and has moved for an order admitting him to bail

pending his appeal. A similar motion was made in the District Court, and denied because the issues on appeal were deemed frivolous and because of anticipated danger to the public and to participants in the trial.

"Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay." Fed.R.Crim.P. rule 46(a) (2), 18 U.S. C.A. I need not pass on the question whether the issues presented on the instant appeal are frivolous, for there is a more serious reason for denying the appellant's motion. It has been held by Mr. Justice Frankfurter, sitting as *ad hoc* Circuit Justice for the Second Circuit, and interpreting Rule 46(a) (2), that one requirement for bail pending appeal is that the Court have "confidence that a defendant will respond to the demands of justice." Ward v. United States, 76 S.Ct. 1063, 1066, 1 L.Ed.2d 25, 28 (1956). As the Court of Appeals for the Ninth Circuit has just recently held, "[T]he granting of bail remains a matter of discretion. * * * [T]here is a substantial likelihood that each of the defendants would become a fugitive from justice if admitted to bail and that no amount of bail which the defendants could produce would provide an effective deterrent." Carbo v. United States, 302 F.2d 456, 457 (9th Cir. 1962).

■ The history of this litigation overwhelms me with doubt regarding the defendant's reliability as a bail risk. The instant appeal is from the conviction in a second conspiracy trial, the first having ended in a mistrial after five and one-half months, when the jury foreman sustained a broken back and other serious injuries from a fall on the eve of summation. All alternate jurors had been utilized at that time. In the first trial the defendant was remanded without bail, and the remand was unanimously upheld on appeal to this Court, United States v. Bentvena, 2 Cir., 288 F.2d 442 (1961), and again by Mr. Justice Harlan, Fernandez v. United States, 81 S.Ct. 642, 5 L.Ed.2d 683 (1961). He was also sentenced for criminal contempt (affirmed by this Court on appeal, United States v. Galante, 2 Cir., 298 F.2d 72 (1962)). In the second trial, defendant was again sentenced to sixty days imprisonment for contempt. At this trial, he was also remanded to custody without bail and the remand upheld, United States v. Di Pietro, 302 F.2d 612 (2 Cir. 1962).

I note further, that in 1958, the defendant was a fugitive from justice during the trial of still another indictment against him and other individuals for conspiracy to violate the narcotic laws. And more recently, as was revealed at the trial below, the defendant is known to have made frequent trips outside the United States and to have friends and business associates outside the United States.

I fully appreciate the criteria for granting motions for bail pending appeal, and I appreciate the exacting standards of persuasion confronted by the Government in arguing against the motion in the usual case. But this is not the usual case. The bizarre conduct of the defendants at both conspiracy trials and the defendant's personal participation in these escapades indicates a concerted effort to interfere with the judicial process; furthermore, his proven record of previous convictions and general disrespect for judicial authority, convinces me that if bail is granted and his conviction subsequently affirmed, faced with a sentence of 20 years imprisonment he will not be present to answer the call to justice.[1]

For these reasons, I deny the defendant's motion.

[1]. According to statistics quoted by the attorney for the Government in arguing this motion, there were bail forfeitures totaling $284,000. between September 1958 and September 1960. Of this amount, $260,000. represented bail for narcotic offenders.