**UNITED STATES of America,**
**Appellee,**

v.

**William BENTVENA, Carmine Panico,**
**and William Struzzieri, Defendants-**
**Appellants.**

**Docket 27733.**

United States Court of Appeals
Second Circuit.

Argued Aug. 29, 1962.

Decided Sept. 17, 1962.

See also 193 F.Supp. 485.

---

13. E. g., Gilbert v. Commissioner, supra; Kraft Foods Co. v. Commissioner, supra.

48

Jerome Lewis, Brooklyn, N. Y., for defendants-appellants.

William M. Tendy, Asst. U. S. Atty., New York City, for appellee.

Before LUMBARD, Chief Judge.

LUMBARD, Chief Judge.

The appellants, William Bentvena, Carmine Panico and William Struzzieri move for bail pending their appeal from convictions for conspiracy to violate the narcotics laws and, as to Bentvena and Struzzieri, convictions on substantive charges of narcotic law violation. After a trial lasting many weeks, and convictions by a jury, Judge MacMahon, on July 10, 1962, sentenced Bentvena to 15 years imprisonment, and Panico and Struzzieri each to 12 years imprisonment. The appellants have been in jail since April 4, 1962, when the trial judge remanded them shortly after the commencement of the trial.

Although Bentvena is the only one of these three appellants who has any criminal record—a prior narcotics offense—it is my opinion that the past history of this case and the concerted activities of all the defendants on trial, including these three appellants, impels the conclusion that there is so strong a likelihood that they would not be available to serve their sentences, if their convictions are affirmed, that the public interest requires their continued incarceration pending appeal. This court has already passed upon various phases of this case. As to the first trial, see United States v. Bentvena, 2 Cir., 288 F.2d 442 (1961), and Mr. Justice Harlan's opinion regarding remand during the first trial, Fernandez v. United States, 81 S.Ct. 642, 5 L.Ed.2d 683 (1961). Under the same Bentvena title, we affirmed the action of the trial judge in holding Panico and Struzzieri in contempt of court, for 60 days and 30 days respectively, for their conduct during the recent second trial, and dismissed as moot Bentvena's appeal from his conviction for contempt. Slip opinion filed July 20, 1962, 304 F.2d 883.

Judge Kaufman in denying bail to codefendant Carmine Galante aptly summed up the conduct of these appellants and their co-defendants at both trials, in words applicable to all of them, when he wrote: "The bizarre conduct of the defendants at both conspiracy trials and the defendant's personal participation in these escapades indicates a concerted effort to interfere with the judicial process * * *" The tactics of these appellants manifest their contempt for the legal process and the administration of criminal justice. Nor can we be unmindful of the fact that it is defendants in narcotics conspiracy cases such as this who are the poorest risks on bail pending appeal. I can only conclude that there is a substantial likelihood that these appellants would not respond to the mandate of this court and that it would be imprudent to allow their liberty on bail pending appeal.

If it was a proper exercise of discretion to remand such defendants to jail during their first trial and again during their second trial, so that the trial could continue and reach a verdict, it can hardly be an abuse of discretion to deny bail pending appeal after the appellants have been convicted and sentenced to long terms of imprisonment. Of course this means that the hearing of the appeal should move forward with all possible speed, as I am sure it will so far as this court is concerned.

If for any reason there are delays in the hearing of these appeals for which the appellants are not responsible these motions may be renewed.

The motions are denied.