UNITED STATES of America

v.

E. M. PIPER.

No. CR-3-63-113.

United States District Court
N. D. Texas,
Dallas Division.

March 13, 1964.

Barefoot Sanders and Robert Ward, Dallas, Tex., for the United States.

Sam Donosky and Ben Henderson, Dallas, Tex., for defendant Piper.

ESTES, Chief Judge.

The defendant was charged by indictment and found guilty by a jury of failing to make a return and failing to pay manufacturer's excise taxes on sales of imported automobiles during the final quarter of 1959, which return and tax were due January 31, 1960. 26 U.S.C.A. § 4061; 26 U.S.C.A. § 6091(b) (1); 26 U.S.C.A. § 6151(a); 26 U.S.C.A. § 7203. The uncontroverted evidence during the two day trial showed, and the defendant admitted, that the defendant neither made the required return nor paid the tax. The sole question was, therefore, the defendant's "willfulness". The uncontroverted evidence showed and the defendant admitted that he knew and had been advised by government agents on four different occasions prior to the critical date that he owed the tax and was required to file a return.

During the trial the court permitted the defendant, over the government's objection, to introduce a blank form Customs Duty Bond which the defendant testified was like the bonds he had obtained on all cars he imported, as the court felt such evidence could possibly bear on willfulness. Also, the court excluded evidence proffered by the government of the defendant's total manufacturer's excise tax liability although the defendant repeatedly "opened the door" by introducing evidence of the total customs duty paid and the total income taxes paid, both in reference to the defense contention that a credit was due against the taxes charged in the indictment. In addition, the court precluded the government from questioning defendant's character witnesses concerning whether or not they had heard that the defendant had (1) attempted to bribe a government official, (2) evaded city taxes, (3) etc.

After due deliberation, the jury found the defendant guilty on both counts of the indictment which carried a total maximum sentence of a $20,000 fine and/or two years in prison.

■ The defendant was sentenced to serve 90 days and pay a $5,000 fine on Count I, and was given a probated one year sentence on Count II on the conditions that he pay the fine imposed and make restitution of the taxes covered by the indictment, plus penalty and interest.[1]

The defendant filed notice of appeal on March 9, 1964 and we are today concerned with his application for bond pending appeal. The application for bond recites:

"I

"That the case involves substantial questions which should be determined by the appellate court.

"II

"That the substantial questions above alluded to consist in the failure of the court to allow requested special charges and instructions as well as the overruling of defendant's motions."

During the course of this prosecution the defendant filed several motions, which are outlined below:

*Motion for Continuance*—This motion was granted.

*Motion for Bill of Particulars*—

■ The defendant claimed that the indictment was (1) vague, ambiguous, and did not detail an offense against the United States; (2) failed to give name and address of each and every person present at the time of the alleged offense; (3) failed to enlighten defendant on how and by what means defendant could know his duty and obligation to file the tax return; (4) failed to set forth whether representations were oral or written, together with when, to whom,

---

1. Even penalty is in nature of liquidated damages. Rex Trailer Co. Inc. v. United States (1956), 350 U.S. 148, 153–154, 76 S.Ct. 219, 100 L.Ed. 149.

See: United States v. Taylor (4 Cir., 1962), 305 F.2d 183, cert. den. 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126.

and where made, and their context. The government opposed the motion by answer, which answer provided the information requested in items (3) and (4). After hearing and argument of counsel the motion was denied. Such a motion is within the sound discretion of the trial judge. The indictment was substantially in the language of the statute and sufficiently informed defendant of the charges against him to enable preparation of his defense and to protect him against subsequent prosecution for the same offenses. Wong Tai v. United States (1927), 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Huff v. United States (5 Cir. 1962) 301 F.2d 760, cert. den. 371 U.S. 922, 83 S.Ct. 289, 9 L.Ed.2d 230 (1962); Demetree v. United States (5 Cir. 1955) 207 F.2d 892 rev. other grounds; United States v. Miller (E.D. Tex.1962) 210 F.Supp. 716; Johnson v. United States (5 Cir. 1953) 207 F.2d 314, cert. den. 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087 (1954). Names and addresses of witnesses prior to trial is not a proper request. Capriola v. United States (7 Cir. 1932), 61 F.2d 5. Furthermore, this motion was not timely filed, in that same was not filed within ten days after arraignment and good cause was not shown. Rule 7(f), Fed.Rules Crim. Proc. 18 U.S.C.A.

### Motion to Dismiss Indictment—

██ Defendant asserted that the indictment was not found within three years next after the alleged offense was committed and that the prosecution should be dismissed as barred by the statute of limitation. The date of the alleged violations was January 31, 1960. Section 6531(4), Title 26 U.S.C.A. controls and provides:

" * * * [T]he period of limitation shall be 6 years—

* * * * * *

"for the offense of willfully failing to pay any tax, or make any return * * *."

The motion was, therefore, overruled.

### Motion for Judgment of Acquittal—

██ The defendant asserted in this motion that (1) the evidence was insufficient; (2) the government had failed to establish a prima facie case; (3) the government had failed to establish scienter or that the defendant committed the violation "knowingly and willfully." The prefatory remarks set forth the court's reasons for overruling this motion. " 'The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.' Glasser v. U. S., 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; * * *." Walker v. United States (5 Cir. 1961), 285 F.2d 52, 57. Moreover, when the defendant introduced evidence in his own behalf, he abandoned his oral motion for judgment of acquittal made at the close of the government's evidence. Harris v. United States (C.A. 5, 1960), 285 F.2d 85; T'Kach v. United States (C.A. 5, 1957), 242 F.2d 937; Jackson v. United States (C.A. 5, 1958), 250 F.2d 897.

██ At the close of all evidence the court advised counsel of its proposed charge, to which defendant's counsel raised objections and made requests for instructions as follows, all of which were denied:

1. "The definition 'beyond a reasonable doubt,' I think, should contain the phraseology 'by legal and competent evidence.' "

The instruction given by the court is universally accepted. Holland v. United States (1954), 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Walker v. United States (5 Cir. 1961), 285 F.2d 52, 60–61. The jury was instructed to consider only the evidence admitted under the court's rulings.

2. "Further, the definition pertaining to circumstantial evidence, which goes even further, to the exclusion of every other reasonable hypothesis, save and except the guilt of this defendant."

It is not now open to question that this requested instruction is improper. Hol-

land v. United States (1954), 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Friedberg v. United States (1954), 348 U.S. 142, 75 S.Ct. 138, 99 L.Ed. 188; Smith v. United States (1954), 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192; United States v. Calderon (1954), 348 U.S. 160, 75 S. Ct. 186, 99 L.Ed. 202; Bryant v. United States (5 Cir., 1958), 252 F.2d 746; Wood v. United States (5 Cir., 1961), 287 F.2d 810.

3. "One requested charge is:

"'You are further instructed that the word "willful" as used in this statute, means with a bad purpose or without ground for believing that one's act is lawful.'"

The requested charge was almost verbatim the accepted charge given by the court. Morissette v. United States (1952), 342 U.S. 246, 72 S.Ct. 240, 96 L. Ed. 288.

4. "The other one is a definition of the word 'duty'."

This requested charge was immaterial as the case did not involve any customs duty and for the further reason that the requested definition was taken from Webster's Dictionary, needed no defining by the court, and could only have served to confuse and mislead the jury if given.

5. "Defendant's Requested Charge
\* \* \*

"You are further instructed that no mistake of law excuses one committing an offense; but, if a person laboring under a mistake as to the particular fact, shall do an act which would otherwise be criminal, he is guilty of no offense.

"The mistake as to fact which will excuse, under the preceding paragraph, must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct; and it must also be such a mistake, it does not arise from a want of proper care on the part of the defendant.

"Therefore, if you believe that at the time on the occasions in question, that the defendant was laboring under a mistake of fact, that his bonds previously posted would take care of any and all taxes and obligations due and such mistake of fact did not arise from want or proper care, or if you have a reasonable doubt that such is the fact, you will acquit and say by your verdict not guilty."

The requested charge as to mistake of law and fact was denied by the court because no evidence of substance raised such an issue. Yarborough v. United States (C.A.Md.1956), 230 F.2d 56, cert. den. 351 U.S. 969, 76 S.Ct. 1034, 100 L. Ed. 1487. The uncontroverted evidence showed and defendant admitted that he had been informed that he had to pay the manufacturer's excise tax and make a return before the critical date. Moreover, the court's charge, including the instruction on willfulness, covered the pertinent question of intent.

The defendant's application for bond is predicated upon Rule 46 of the Fed. Rules of Crim.Proc., Title 18 U.S.C.A. (as amended Apr. 9, 1956, eff. July 8, 1956), which provides in pertinent part:

"(a) Right to Bail.

\* \* \* \* \* \*

"(2) Upon Review. Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay.

\* \* \* \* \* \*

"(c) Amount. If the defendant is admitted to bail, the amount thereof shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant."

■ There is no absolute right to bail after conviction and pending appeal. Green v. State of Me. (D.C.Me., 1953), 113 F.Supp. 253; Baker v. United States (C.C.A.Ark., 1944), 139 F.2d 721; Ex Parte Harlan (C.A.Fla., 1906), 180 F. 119, aff'd 218 U.S. 442, 31 S.Ct. 44, 54 L. Ed. 1101; Christoffel v. United States (1952), 89 U.S.App.D.C. 341, 196 F. 2d 560; United States v. Allied Stevedoring Corp. (D.C.N.Y., 1956), 143 F. Supp. 947; United States v. Kazuyuki Fujimoto (D.C. Hawaii, 1953), 14 F.R.D. 448; United States v. Di Candia (D.C. N.Y., 1957), 159 F.Supp. 179; United States v. Fiala (D.C.Ore., 1951), 102 F. Supp. 899; United States v. Bridges (D. C.Cal., 1951), 93 F.Supp. 989.

■ Where appeal is frivolous or taken for delay, it is to be denied. United States v. Waldman (C.A.N.Y., 1957), 240 F.2d 449; Bridges v. United States (9 Cir., 1950), 184 F.2d 881; United States v. Allied Stevedoring Corp. (D.C. N.Y., 1956), 143 F.Supp. 947; United States v. Allied Stevedoring Corp. (D.C. N.Y., 1956), 235 F.2d 909; United States v. Senatore (D.C.N.Y., 1959), 23 F.R.D. 290; United States v. Galante (C.A.N. Y., 1961), 290 F.2d 908. An appeal is said to be "frivolous" where it presents no debatable question or no reasonable

possibility of reversal, the word meaning of little weight or importance, not worth notice, slight. United States v. Esters (D.C.Ark., 1958), 161 F.Supp. 203.

■ Even where the appeal is not frivolous or taken for delay, there are other considerations to be applied to the circumstances at hand in determining whether to grant or deny bail, these are:

(1) ability of defendant to give bail [1]

(2) nature of offense [1, 4, 5]

(3) penalty imposed [1, 2]

(4) defendant's character and reputation [1]

(5) probability that defendant will appear, or motivation and means to flee [1, 2, 6, 9]

(6) whether bail within tolerable limits will assure defendant's presence [2, 6]

(7) evidence on which conviction based [1, 3]

(8) possibility that bail may be abused [2, 7]

(9) statement of government [2]

(10) demeanor etc. of defendant on examination in open court [2]

(11) defendant's attitude toward legal process [8]

1. Christoffel v. United States (1951), 89 U.S.App.D.C. 341, 196 F.2d 560.

2. United States v. Davis (D.C.Ill., 1960), 178 F.Supp. 919.

3. United States v. Rutkin (C.A. 3, 1952), 200 F.2d 607.

4. United States v. Williams (C.A.Ill., 1958), 253 F.2d 144.

5. United States v. Wilson (C.A. 2, 1958), 257 F.2d 796.

6. Ward v. United States (1956), 76 S.Ct. 1063, 1 L.Ed.2d 25, 27-29; Jiminez v. Aristeguieta (5 Cir., 1963), 314 F.2d 649, 653; same case 5 Cir., 311 F.2d 547, cert. den. 373 U.S. 914, 83 S.Ct. 1302, 10 L. Ed.2d 415, reh. den. 374 U.S. 858, 83 S.Ct. 1867, 10 L.Ed.2d 1083.

7. Leigh v. United States (App.D.C., 1962), 82 S.Ct. 994, 8 L.Ed.2d 269.

8. United States v. Bentvena (C.A.N.Y., 1962), 308 F.2d 47.

9. Anthony v. United States (C.A.9, 1957), 250 F.2d 427.
   Blassingame v. United States (C.A.9, 1957), 242 F.2d 313.
   United States v. Allied Stevedoring Corp. (D.C.N.Y., 1956), 143 F.Supp. 947.
   Carbo v. United States (C.A.Wash., 1962), 302 F.2d 456, aff. 82 S.Ct. 662, 7 L.Ed.2d 769; 82 S.Ct. 669, 7 L.Ed.2d 778, reh. den. 369 U.S. 868, 82 S.Ct. 1137, 8 L.Ed.2d 274.
   Rhodes v. United States (C.A.W.Va., 1960), 275 F.2d 78.
   Esters v. United States (C.A.Ark., 1958), 255 F.2d 63.
   United States v. Williams (C.A.Ill., 1958), 253 F.2d 144.
   United States v. Davis (D.C.Ill., 1959), 178 F.Supp. 919.
   United States v. Crawley (D.C.S.C., 1959), 23 F.R.D. 215.
   United States v. Galante (C.A.N.Y., 1962), 308 F.2d 63.

■ As to all of the pertinent considerations in determining whether to grant or deny bail on appeal, the court hearing the application is vested with broad discretion. Esters v. United States (C.A. Ark. 1958), 255 F.2d 63; United States v. Williams (C.A.Ill., 1958), 253 F.2d 144; United States v. Allied Stevedoring Corp. (C.A.N.Y., 1956), 235 F.2d 909 (except where frivolous or for delay which is mandatory denial); United States v. Iacullo (C.A.Ill., 1955), 225 F.2d 458; Williamson v. United States (C.A.N.Y., 1951), 184 F.2d 280; Carbo v. United States (C.A.Wash., 1962), 302 F.2d 456; 82 S.Ct. 662, 7 L.Ed.2d 769, 82 S.Ct. 669, 7 L.Ed.2d 778, reh. den. 369 U.S. 868, 82 S.Ct. 1137, 8 L.Ed.2d 274; United States v. Wilson (2 Cir., 1958), 257 F.2d 796; United States v. Galante (C.A.N.Y., 1962), 308 F.2d 63; Christoffel v. United States (1952), 89 U.S.App.D.C. 341, 196 F.2d 560; United States v. Crawley (D.C.S.C., 1959), 23 F.R.D. 215.

In view of the foregoing it is very likely that this appeal is frivolous and taken for delay.

■ Nevertheless, the trend since the 1956 amendment to Rule 46 has been toward liberalization of the allowance of bail and the burden is now upon the government to show that bail should be denied. United States v. Allied Stevedoring Corp. (1956), 76 S.Ct. 1068, 1 L.Ed.2d 23; Ward v. United States (1956), 76 S.Ct. 1063, 1 L.Ed.2d 25; Rhodes v. United States (C.A.W.Va., 1960), 275 F.2d 78; D'Aquino v. United States (C.A. Cal., 1950), 180 F.2d 271; Bennett v. United States (C.A.Fla., 1929), 36 F.2d 475; Leigh v. United States (App.D.C., 1962), 82 S.Ct. 994, 8 L.Ed.2d 269; Fiano v. United States (C.A.Cal., 1959), 259 F.2d 135.

It has been stated that the court should resolve any doubts in favor of the defendant. Herzog v. United States (1955), 75 S.Ct. 349.

■ Therefore, the court has concluded, in the exercise of its discretion, to permit the defendant to be at large on bail pending appeal. The only question that remains is the reasonable amount at which to fix bail.

■ The cases have held that bail should be equivalent to the amount necessary to insure the presence of the defendant to fulfill the sentence imposed. United States v. Schneiderman (D.C.Cal., 1952), 106 F.Supp. 941; Ward v. United States (1956), 76 S.Ct. 1063, 1 L.Ed.2d 25; United States v. Field (C.A.N.Y., 1951), 193 F.2d 92, cert. den. 342 U.S. 894, 72 S.Ct. 202, 96 L.Ed. 670; United States v. Galante (C.A.N.Y., 1962), 308 F.2d 63.

■ The factors to be considered in determining a reasonable amount of bail, as set forth in Rule 46(c) and in the cases, are:

(1) past history and activities of defendant

Noto v. United States (1955), 76 S.Ct. 255

(2) defendant's financial ability to pay [1]

Bennett v. United States (C.C.A.Fla., 1929), 36 F.2d 475 (best determined by trial court)

United States v. Lawrence (C.C.D.C., 1835), Fed.Cas. No. 15,577

(3) nature and circumstances of offense [1]

(4) punishment imposed [1]

(5) character and reputation of defendant [1]

(6) motivation and means to flee—

Steinberg v. United States (C.A.Cal., 1954), 207 F.2d 772

United States v. Stein (D.C. N.Y., 1955), 18 F.R.D. 248

United States v. Barker (D.C. Cal., 1951), 11 F.R.D. 421

United States v. Dioguardi (C.A.N.Y., 1956), 237 F.2d 57

[1.] United States v. Mesarosh (D.C.Pa., 1953), 115 F.Supp. 332.

(7) weight of evidence against defendant

 Determination of the amount of bail reasonably required rests largely and is peculiarly within the discretion of the judge hearing the application. Petition of Johnson (1952), 72 S.Ct. 1028, 96 L.Ed. 1377, 1380; Connley v. United States (C.C.A.Cal., 1930), 41 F.2d 49; Fernandez et al. v. United States (1961), 81 S.Ct. 642, 5 L.Ed.2d 683.

It is to be recalled that in the presentence information presented to the court the defendant admitted that during the investigation by the I.R.S. he sold his tangible assets, including, significantly, his home and business, and took the proceeds to Canada. Defendant stated that he then had at least $281,000.00. Further, upon being advised of the tax here in question, the defendant continued to sell autos during the remainder of the period involved and before the date of the offense. The evidence also disclosed that the defendant over a period of three years exhibited a defiant attitude toward the laws of the United States by his refusal to pay the taxes or file the returns and by his statements which were introduced in evidence that he would go to jail for the rest of his life rather than pay the taxes.

The presentence information reflects that the total manufacturer's excise tax liability of the defendant for the periods from September 1, 1958 to December 31, 1959 now exceeds $340,000.00, which includes the tax of $89,000.00 for which the defendant was indicted. United States v. Foster (C.A.Md., 1961), 296 F. 2d 249.

In view of the foregoing, the court concludes that bail in the amount of $75,000.00 is reasonable and necessary to assure the defendant's presence, and bail is hereby set at that amount. The defendant is amply able to provide this bond merely by bringing his money out of hiding.