**Louis FIANO, Defendant-Appellant,**

v.

**UNITED STATES of America,
Plaintiff-Appellee.**

**No. 16176.**

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1958.

**136**

William Strong, Beverly Hills, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Ronald Rosen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

PER CURIAM.

Fiano has appealed a judgment of conviction in United States District Court for the Southern District of California upon an indictment for a narcotics offense. He received a 20 year sentence of imprisonment and a $20,000 fine.

He was at large on bond pending trial. He was jailed after trial. He has sought bond pending appeal. Bond has been denied by the district court. The application is renewed here.

■ While an objective test must be applied to whether an appeal is frivolous (the seriousness of defendant or his counsel is not the criterion), still we do not doubt that when the Supreme Court amended Fed.Rules Crim.Proc. Rule 46 in 1956, 18 U.S.C.A., the intention was to establish a much lighter standard than the old one of "substantial question." Prima facie, and in the vernacular, appellant's appeal does look "thin," but we are not prepared to say it is frivolous.

But if we hold the appeal is not frivolous, we still have the question of whether defendant is a good risk to respond to further orders of the court in this case. That is something this court is not equipped to do in the ordinary case on a cold record. The trial court is in a position to do so and in the ordinary case should not be disturbed by an appellate court.

Below the district attorney related to the trial court certain reasons he had why he considered defendant a poor risk. On the point of the risk, the court said only:

"In view of the testimony of the trial that this defendant threatened to kill one government witness, and the statement that he would like to see another government witness killed, in view of the severity of the sentence, and in view of the fact that there are now, I think, ten forfeitures in narcotics cases, where people have fled the United States on bonds of from $10,000 to $30,000, the court is justified in denying bail pending appeal, and that will be the order of the court."

The statement contains three reasons. The fact that a man is dangerous may not be sufficient to deny bond. Dangerous men have been improperly convicted. The last reason—narcotics convictees are bad risks as a class—is probably too generally stated to represent a ground here for denial of bail here. The middle reason—in view of the severity of the sentence—is almost adequately stated. However, we think we should have a more direct statement from the trial court as to whether it considers this particular defendant a good risk to respond on bond within tolerable limits.

This is not to say that the court need shut its eyes to the fact that the incidence of flight of persons under heavy sentence in narcotics cases is high. It can put many other things into the crucible: the defendant's family ties, his property or business situation, what it is worth to the defendant to be a fugitive, but at large. Of course, the court is not precluded from denying bail because the defendant did not run away before trial, and did not run away when confronted with a lighter sentence in a Dyer Act case, 18 U.S.C.A. § 2311 et seq. This court does not mean to say a list of reasons for believing a defendant would be a poor risk out on bail must be set forth seriatim like findings of fact or to say they should not be set forth. Our trouble here is the reasons given are too general and at least half vitiate the ruling.

The matter of bail is remanded to the district court for further consideration as to whether that court deems the defendant a good risk to respond, if on bail, to orders of the court if the conviction should be affirmed, or a good risk at all.

This remand is not to be considered a "gentle intimation" that the court should rule one way or the other. The district court will want the defendant before it again before ruling anew. It may or may not want to inquire into a transfer of property the appellee alleges defendant has made. This court was invited to do so, but is not prepared to try issues of fact.

The motion for bail is now denied without prejudice.

See Wagner v. United States, 9 Cir., 250 F.2d 804; Ward v. United States, 76 S.Ct. 1063, 1 L.Ed.2d 25.