Paul John CARBO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16820.

United States Court of Appeals
Ninth Circuit.

March 23, 1960.

Certiorari Granted May 31, 1960.
See 80 S.Ct. 1239.

A. L. Wirin, William B. Beirne, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Lloyd F. Dunn, Sp. Asst. to Atty. Gen., for appellee.

Before STEPHENS, POPE and HAMLIN, Circuit Judges.

## PER CURIAM.

A 10-count indictment was returned by the Grand Jury in the Southern District of California, Central Division, on September 22, 1959, charging Paul John Carbo, aka Frankie Carbo, hereinafter appellant, and four others with violations of 18 U.S.C.A. §§ 1951, 875(b) and 371. Appellant posted bond at Baltimore, Maryland, returnable to the United States District Court at Los Angeles in the sum of $100,000.00. Thereafter, but prior to his appearance in Los Angeles upon the charges contained in the indictment filed there, appellant was charged with and pleaded guilty to three misdemeanor counts in New York City, New York, and was sentenced to two years in prison and fined. During appellant's New York confinement in prison, the New York authorities honored a writ of habeas corpus ad prosequendum issued by the District Court for the Southern District of California and permitted appellant to appear in said court at Los Angeles to answer to the charges in the indictment. On December 2, 1959, when he appeared in said Court, he was arraigned on the charges contained in the indictment, and stated that he had posted a $100,000.00 bond. On December 8, in said District Court, the defendant requested permission to enter his plea and be permitted to return to New York and later return to Los Angeles for trial. Appellant entered a plea of not guilty to counts 1, 3, 5, 7 and 9 of the indictment, and the Court then set the case against all defendants for trial on March 29, 1960, and at appellant's request directed that he be returned to New York for the purpose of obtaining counsel and be returned to the Southern District of California in time for trial.

On March 16, 1960, after application by the United States Attorney, the District Judge in said district directed the issuance of a document entitled "Habeas Corpus Ad Prosequendum" directed to the jailer of New York City Prison, Bellevue Hospital, New York City, New York, commanding him to produce the appellant in the District Court for his trial upon March 29, 1960. Appellant filed in said District Court a motion to quash said writ and the United States Attorney filed an opposition to such motion. After hearing, the District Court denied appellant's motion to quash.

Appellant thereupon appealed to this Court from said order of denial.

On March 22, 1960, after a motion to dismiss said appeal had been filed by the United States Attorney, counsel for the appellant and the United States filed memoranda of authorities and orally argued the matter before this Court. It was stipulated by counsel for appellant and for the United States that the appeal itself might be deemed submitted to this Court for decision upon the merits, upon the record as filed and the briefs and memoranda of the parties on file with the Court, and without further briefs or argument, and this Court so ordered.

Appellant contends that the District Court had no jurisdiction to issue the writ in question, because the appellant is in custody in New York out of the territorial jurisdiction of the District Court.

Appellant relies upon Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 1444, 92 L. Ed. 1898, decided June 21, 1948. In that case, the petitioners were confined in New York and the petitions for habeas corpus alleging the illegal restraint of their liberty in New York were filed in the District Court of the District of Columbia.

The statute there under consideration by the Court then provided (28 U. S.C. § 452):

"The several justices of the Supreme Court and the several judges of the circuit courts of appeal and of the district courts, within their respective jurisdictions, shall have power to grant writs of habeas corpus *for the purpose of an inquiry into the cause of restraint of liberty*. A circuit judge shall have the same power to grant writs of habeas corpus within his circuit that a district judge has within his district; and the order of the circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had." [Emphasis ours.] [1]

The Court stated in 335 U.S. at page 190, 68 S.Ct. at page 1444:

"The question at the threshold of the case is whether the words 'within their respective jurisdictions' limit the district courts to inquiries into the *causes of restraints of liberty* of those confined or restrained within the territorial jurisdictions of those courts." [Emphasis ours.]

In the instant case there is no question before the Court of any illegal restraint of liberty. The appellant does no*t* complain that he is illegally restrained by any authority. His only objection is his contention that the United States District Court cannot by its order arrange to have him brought from New York to Los Angeles for trial upon charges contained in an indictment on file in the District Court there. The Ahrens case is not in point.

■ There is a distinction between the writ of habeas corpus ad subjicien-

dum which was under consideration in the Ahrens case and the writ of habeas corpus ad prosequendum which is under consideration in this case. Price v. Johnston, 334 U.S. 266, at page 281, 68 S. Ct. 1049, 1058, 92 L.Ed. 1356.[2]

■ The purpose of the writ of habeas corpus ad subjiciendum (sometimes called The Great Writ) is to inquire as to the legality of the prisoner's restraint. It was this writ that the Supreme Court was discussing in Ahrens.

The writ of habeas corpus ad prosequendum has an entirely different purpose. The legality of the prisoner's restraint is not in question. It is issued " 'when it is necessary to remove a prisoner * * * in order to * * * be tried in the proper jurisdiction wherein the fact was committed.' " Price v. Johnston, supra. That this should be done is indicated by the language of the Supreme Court in Ponzi v. Fessenden, 258 U.S. 254, at page 264, 42 S.Ct. 309, 312, 66 L.Ed. 607, where it is said:

"The authorities, except when special statutes make an exception, are all agreed that the fact that a defendant in an indictment is in prison serving a sentence for another crime gives him no immunity from the second prosecution. * * * Delay in the trial of accused persons greatly aids the guilty to escape because witnesses disappear, their memory becomes less accurate and time lessens the vigor of officials charged with the duty of prosecution. If a plea of guilty and imprisonment for one offense is to postpone trial on many others,

---

1. The successor to this section is 28 U.S.C. § 2241. The reviser's notes to this section state:

"Words 'for the purpose of an inquiry into the cause of restraint of liberty' in section 452 of Title 28, U.S.C., 1940 ed., were omitted as merely descriptive of the writ."

2. Black's Law Dictionary, 4th Ed.1957, contains the following at page 837:

"Habeas Corpus. Lat. (You have the body.) The name given to a variety of writs, (of which these were anciently the

emphatic words,) having for their object to bring a party before a court or judge. In common usage, and whenever these words are used alone, they are understood to mean the **habeas corpus ad subjiciendum,** (see infra). Dancy v. Owens, 126 Okl. 37, 258 P. 879, 884; In re McDevitt, 101 Misc. 588, 168 N.Y.S. 433; United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 57, 68 L.Ed. 221; Payne v. Graham, 20 Ala.App. 439, 102 So. 729, 731."

it furnishes the criminal an opportunity to avoid the full expiation of his crimes."

Respondent contends that the District Court had power to issue the writ in question under 28 U.S.C.A. § 1651(a), which reads as follows:

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The District Court had jurisdiction of the offense charged against the defendant-appellant and of the appellant himself. After his arrest he had given a bond conditioned upon his appearance in the District Court at appropriate times; he had appeared in the District Court in answer to the charge against him; had entered a plea of not guilty; and had consented to a trial date being set. At his request, he was permitted to return to New York pending his trial.

██ Under § 1651 the District Court had the power to issue all writs necessary or appropriate in aid of its jurisdiction. As illustrative of the fact that the power of the District Court may extend beyond its territorial limits, attention may be called to two rules of the Federal Rules of Criminal Procedure, which have the force of law.

Under Rule 4 of the F.R.Crim.P., 18 U.S.C.A., providing for warrants of arrest, subdivision (c) (2) provides: "The warrant may be executed * * * at any place within the jurisdiction of the United States."

Under Rule 17 F.R.Crim.P., providing for the attendance of witnesses, subdivision (e) (1) provides: "A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the United States." These rules make it plain that the jurisdiction of a District Court for certain purposes is not limited to the territorial jurisdiction of that Court.

██ In United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 273, 96 L.Ed. 232, the Supreme Court had occasion to consider the power of a District Court in a section 2255 proceeding. In holding there that the District Court had the power to order the presence of a prisoner who was confined in another district, the Supreme Court said:

"The very purpose of Section 2255 is to hold any required hearing in the sentencing court because of the inconvenience of transporting court officials and other necessary witnesses to the district of confinement. The District Court is not impotent to accomplish this purpose, at least so long as it may invoke the statutory authority of federal courts to issue 'all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' An order to secure respondent's presence in the sentencing court to testify or otherwise prosecute his motion is 'necessary or appropriate' to the exercise of its jurisdiction under Section 2255 and finds ample precedent in the common law."

We believe that in this case the District Court is not impotent to bring before it for trial a defendant who has been indicted by that Court, who has entered a plea of not guilty in that Court, and who at his request has gone to the State of New York, and whose presence is now required in the Southern District of California for the purpose of proceeding with the prosecution against him.

We hold that the writ issued in this case by the District Court was proper under 28 U.S.C.A. § 1651(a) as being necessary and appropriate in aid of its jurisdiction.

Judgment affirmed.

Appellant has also presented a motion for leave to file a petition for a writ of mandamus directed to the District Court to quash the issued writ and a motion to stay enforcement of the issued writ. Each of said motions is denied.