Meyer Harris COHEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17106.

United States Court of Appeals
Ninth Circuit.

Oct. 14, 1960.

A. L. Wirin, Fred Okrand, Jack Dahlstrum, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Thomas R. Sheridan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM.

Appellant appeals from an order made by one judge of the District Court for the Southern District of California raising bail originally fixed by another judge at $100,000, reduced by a second judge to $25,000, and raised by the third to $100,000. Appellant has also filed a "motion to set bail pending appeal and/or a motion to reduce bail." Both the appeal and the motions are based on the ground that the bail finally fixed was in an excessive amount, violative of the Federal Rules of Criminal Procedure 46(c), 18 U.S.C., and the Eighth Amendment.

■ Under the procedure suggested as "proper" in Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, 4 the appellant Cohen must move "for reduction of bail and appeal to the Court of Appeals from an order denying such motion." That procedure has not been followed herein.

■ This court's general jurisdiction on appeals extends only to "final decisions," 28 U.S.C. § 1291. Neither counsel have furnished us case law indicating this court has jurisdiction to hear the instant appeal. The motions are supported here by affidavits disclosing facts apparently not offered to the court below.

Although there is indirect authority in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L. Ed. 1528, we find no direct authority either to hear the pending appeal or the motions.

The appeal is dismissed without prejudice, and the matters remanded to the District Court to permit an application for a reduction of bail. If denied, this court will then have clear and certain jurisdiction to review such action, the same evidence will be before us that is before the District Court, and we will expedite a hearing of such appeal, should it be necessary.