Paul John CARBO, Frank Palermo, Joseph Sica and Louis Tom Dragna, Appellants,

v.

UNITED STATES of America, Appellee.

Paul John CARBO, Frank Palermo, Joseph Sica and Louis Tom Dragna, Appellants,

v.

R. W. WARE, United States Marshal, Appellee.

Nos. 17282, 17283.

United States Court of Appeals Ninth Circuit.

March 3, 1961.

Hamlin, Circuit Judge, dissented.

Wm. B. Beirne and A. L. Wirin, Los Angeles, Cal. (Fred Okrand, Los Angeles, Cal., of counsel), for appellant Carbo.

William Strong, Beverly Hills, Cal., for appellant Palermo.

Russell E. Parsons, and Albert Jack Chotiner, Los Angeles, Cal., for appellant Sica.

Max Solomon, and John J. Bradley, Los Angeles, Cal., for appellant Dragna.

Laughlin E. Waters, U. S. Atty., Alvin H. Goldstein, Jr., Sp. Asst. Atty. Gen., Charles A. Lynberg and Robert E. Hinerfeld, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY, HAMLIN and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

These appeals, consolidated for purposes of hearing and disposition, are from district court orders exonerating appellants' bail bonds and remanding appellants to the custody of the United States Marshal, denying motions to vacate that order, denying motions to reset bail pending trial, and denying an application for a writ of habeas corpus.

Motions were also made in this court for bail pending appeal. At the hearing on these motions all parties agreed to consider the appeals as submitted on the merits. The motions for bail pending appeal are therefore deemed merged in the appeals on the merits and will not be separately considered.

█ Under the authority of Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, we have jurisdiction of the appeal from the orders exonerating the bonds and remanding appellants to custody, denying the motions to vacate, and denying the motions to reset bail pending trial.

█ The motions which led to the entry of these orders and the right to appeal from such orders provide appellants an adequate remedy. The application for a writ of habeas corpus was therefore properly denied as an unnecessary collateral remedy. Stack v. Boyle, supra. The order denying that application is for that reason affirmed. We will concern ourselves below only with the appeal from the other orders which have been described.

The appellants are Paul John Carbo, Frank Palermo, Joseph Sica and Louis Tom Dragna. They are four of the five defendants now on trial in a criminal action in the United States District Court for the Southern District of California, Central Division. Appellants are on trial under a ten-count indictment charging conspiracy, extortion through use of interstate communications, and conspiracy to violate the anti-racketeering act, in violation of 18 U.S.C.A. §§ 371, 875(b) and 1951.

The bail bonds set and posted by the court on the return of the indictment were as follows: Carbo, $100,000; Palermo, $100,000; Sica and Dragna, $25,000 each; and the remaining defendant, Truman Gibson, Jr., not an appellant here, $5,000. The bail of all appellants except Carbo was thereafter reduced to $2,500.

When the trial opened on February 21, 1961, counsel for the Government without prior notice orally moved to exonerate the bail bonds and remand appellants and defendant Gibson to the custody of the United States Marshal. Counsel for the Government stated that the motion was addressed to the court's discretion "in maintaining orderly proceedings and assuring the presence of the defendants during the course of a long trial." It was estimated that the trial would in all probability require six to eight weeks.

In arguing that maintenance of "orderly proceedings" required that appellants be held in custody, counsel for the Government stated that over a two-year period the Government's principal witness had received over a hundred threatening telephone calls. It was represented that the witness had for this reason been forced to have his home telephone removed. Calls then began coming to his place of business, making it necessary for the witness to leave his job. All of these telephone conversations related to the testimony the witness was expected to give at the trial.

Counsel for the Government supplemented this statement with assertions relating to the individual appellants. It was stated that Carbo for a period of thirteen months had avoided arrest on a New York state warrant involving a

different offense; that he had a "very serious" criminal record; and that there was a serious question as to $50,000 of the surety on his bail bond.

It was represented that Palermo had resources which enable him to travel about the country; that he is a long-time associate of Carbo; that he has a criminal record, has been a principal figure in a number of investigations, has a "serious stake" in the outcome of the trial, and has been active in the boxing world but is not licensed to participate in boxing.

Counsel for the Government stated that Sica had a criminal record indicating a capacity to do physical violence to those who stand in his way, and was a defendant in a narcotics prosecution in which the principal witness was murdered. No statements were made with particular reference to Dragna. No oral testimony, documentary evidence or affidavits were offered in support of the Government's motion.

Counsel for appellants orally resisted the motion and in the course of doing so denied most of the statements made by Government counsel. The trial judge did not immediately rule on the motion, stating that he desired to "turn this over in my subconscious a bit." The motion was orally granted at the end of the morning session of the first day of trial. In explanation of this action the court stated:

> "I have on only one occasion in my career on the bench sequestered defendants during a trial. I have the impression it should be done in this case."

During the afternoon session of the court on the same day counsel for appellants Sica and Dragna and defendant Gibson filed written motions to reset bail. Oral motions to the same effect were made on behalf of Carbo and Pa-

lermo. The court granted the motion as to Gibson, resetting his bail at $5,000. As to the four appellants the motion was denied, the court indicating that he believed they were in the throes of an "intangible hysteria which made these defendants not the best possible bail risks during the actual progress of the trial."

Concerning Carbo, the judge expressed additional considerations which led him to revoke the bail of that appellant. One of these was that according to Government counsel Carbo had for a period of months eluded arrest in New York on another charge.

The other such consideration was related to the fact that until the day of the trial Carbo was serving a two-year sentence on misdemeanor convictions in New York City, but was in the actual custody of the United States Marshal in Southern California pursuant to a writ of *habeas corpus ad prosequendum.* See Carbo v. United States, 9 Cir., 277 F.2d 433, affirmed 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329.

Carbo's counsel thought that the New York sentence was to expire at 12:01 a. m., February 21, 1961, which by coincidence was the night before the instant trial was to begin.[1] Carbo's counsel asked the trial judge in the instant case to release Carbo from custody under the New York sentence at 9:01 p. m., February 20, California time, which would correspond to 12:01 a. m. February 21, New York time. The attorney represented to the court that this would enable Carbo, who had been ill, to obtain a good night's sleep before the instant trial commenced the next morning. The request was denied.

In denying Carbo's motion to reset bail, the trial judge referred to this incident as indicating to him that Carbo

---

1. Government counsel contend that the New York sentence was not to expire until later on February 21, 1961, but for present purposes it is immaterial which view is correct.

may have desired his release for those few hours so that he could abscond.[2]

Two days later appellants renewed their attempt to be readmitted to bail. They did so by oral motions for reconsideration and by a joint application for writs of habeas corpus. A hearing thereon was held on that day and on the following day during which there was received without objection Federal Bureau of Investigation reports listing the arrests and convictions of the four appellants.

The motions and application were denied, but during the course of the hearing the judge made additional statements of his reasons for remanding appellants. As to the appellants in general, reference was again made to "a little presence of hysteria." Emphasizing the intangible basis of his ruling, the court referred to "the feeling that a judge gets in a situation where the security of the case, the continued presence of the defendants had better be assured by sequestering them." Repeating this observation, the judge said: "Then there is kind of a feeling you get, sort of an osmosis."

These appeals were then taken.

Appellants argue first that the district court did not have constitutional, statutory or inherent power to deny bail before conviction in this non-capital case.

It is stated in the eighth amendment that excessive bail shall not be required. Rule 46(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that a person arrested for an offense not punishable by death "shall be admitted to bail." The purpose of bail is to insure the presence of the defendant pursuant to court order. See rule 46, supra, paragraph (c).

When a criminal trial is in actual progress there must be an accommodation between the right of a defendant to be free on bail and the inherent power of the court to provide for the orderly progress of the trial. Where release on bail poses no substantial threat to the orderly progress of the trial, the imperatives of the Constitution and the rule require that the right to preconviction bail be honored. Indeed, freedom from custody, cherished at any time, has special importance to an individual while he is defending himself in a criminal prosecution. See Stack v. Boyle, supra, 342 U.S. at page 8, 72 S.Ct. at page 5; Hudson v. Parker, 156 U.S. 277, 285, 15 S.Ct. 450, 39 L.Ed. 424.

If, however, there is reason to believe that a trial actually in progress may be disrupted or impeded by the flight of the defendant, or by his activities in or out of the courtroom during the trial, the fair administration of justice is itself jeopardized. In that event the court may give precedence to its inherent power and revoke bail if necessary for the duration of the trial.

The view just expressed accords with those of Justice Harlan in a memorandum opinion filed on February 27, 1961, denying applications for bail. Fernandez et al. v. United States, 81 S.Ct. 642, 644. Referring to United States v. Rice, 192 F. 720, a 1911 district court opinion which appears to be the only other reported federal court decision on the point, Justice Harlan states:

"I agree with the reasoning of the Rice case, and believe that, on principle, District Courts have author-

---

**2.** After stating these two additional considerations which were given weight with respect to Carbo, the court said:

"*  *  * I just don't have any faith in the defendant Carbo being here unless he is restrained during the trial.

"Now, I don't think the giving of a bond is adequate assurance. I decline to fix bond for the defendant Carbo, and I do it regretfully, because I realize he is not a well man and that he has suffered

a term of imprisonment which has ended as of about two hours ago.

"But while this is, in a practical way, depriving him of liberty, it is done to assure his presence here and protect him against the impulses and the hysteria which sometimes come upon defendants during the presentation of a case which has complicated emotional elements which are present in this case."

ity, as an incident of their inherent powers to manage the conduct of proceedings before ·them, to revoke bail during the course of a criminal trial, when such action is appropriate to the orderly progress of the trial and the fair administration of justice. Certainly judges and lawyers in the Second Circuit have long assumed that such authority exists. I conclude that Judge Levet had the power to act as he did."

Appellants further contend, however, that if such inherent power exists there was here no showing which warranted the exercise of such power. It is argued that the court did not act on the basis of evidence, none being received other than the arrest and conviction reports. Nor were there, appellants point out, affidavits to support the grounds urged in behalf of the Government motion to remand appellants. Instead, argue appellants, there was only "osmosis," "feeling," "intangible hysteria," "impression," and "subconscious" reaction.

Appellee, on the other hand, defends the trial court's right to accept at face value the representations of Government counsel, though unsupported by affidavit, that a Government witness had been threatened. Emphasis is also placed on the statement of Government counsel that the background of appellants was such that their flight might be expected. Finally, the Government urges, the judge was entitled to take into consideration his own observation and impressions.

■ What appellee states concerning threats to a Government witness may be set to one side because there is nothing to indicate that the trial judge took that into consideration. Where the exercise of discretion is under review, we must pass judgment on what the trial judge said were his reasons, whatever support the record might afford for other reasons. To uphold an exercise of the trial court's discretion on grounds not relied upon by that court is for us to exercise our own discretion in the matter of bail revocation—a role not assigned to the appellate court.[3]

The remarks of the judge, as noted earlier in this opinion, indicate that his only concern was the possibility that appellants might disrupt the trial by absconding. As before stated, we believe that a reasonable foundation for such a fear would warrant an exercise of inherent power in remanding a defendant to custody.

In referring to a reasonable foundation we are not speaking in terms of kinds of evidence, such as oral testimony or documentary evidence—or even of affidavits. Where such a problem develops on short notice at the outset or during the progress of a trial, the trial court may well be entitled to rely upon oral representations of counsel, or the court's own observations, or even the "feel" of the atmosphere of the trial.[4]

There must, however, be a reasonable foundation in the sense that circumstances are found to exist, however that finding is supported, which would warrant the court, in the exercise of a sound discretion, in believing that flight was likely and that revocation of bail was the necessary deterrent.

■ We do not believe that such a foundation was shown here. Unlike Fernandez, the court's "feel" of the atmosphere of the instant trial was not based upon observations or impressions gained during trial proceedings of any length. Instead, and according to the

---

3. See Davis v. Peerless Insurance Co., 103 U.S.App.D.C. 125, 255 F.2d 534, 536; National Ben. Life Ins. Co. v. Shaw-Walker Co., 71 App.D.C. 276, 111 F.2d 497, 507.

4. Justice Harlan, for example, gave as one of his reasons for denying the applications for bail in Fernandez, supra, that he could not possibly have "the same full 'feel' of the atmosphere of this more than three months trial that the trial judge possesses."

judge's own remarks, he seemed to have been partly motivated by some sub-consciously-induced reaction to appellants as individuals and as a group. Then there was the court's view that appellants were under the influence of incipient hysteria, presumably based upon the judge's limited opportunity to observe appellants in the courtroom.

Under the indicated circumstances neither of these factors appeals to us as a sufficient base upon which to predicate a sound exercise of discretion. Nor do records of prior arrests and convictions in our view add substantial support for the court's conclusion. Moreover, the court seemed not to rest its action to any extent upon those records.

█ As to Carbo, the court had additional reasons. But however weighty these reasons might have been in fixing the amount of bail, they are not of a kind which warrants revocation of bail. Carbo's avoidance of arrest elsewhere on other charges seems hardly relevant when the fact is undisputed that he has always responded to bail when posted. The circumstance that counsel for Carbo sought his release from custody the night before trial, viewed in the worst possible light, may warrant a suspicion but hardly a considered judgment that flight was in mind.

We desire nothing which is said above to tie the hands of the trial court as of this time, or at any time during the trial, in responding quickly and effectively to any real threat to the orderly progress of the trial, including, if deemed necessary, revocation of bail. The trial court has wide discretion in the matter and may exercise such discretion without a record based on Wigmore evidence. If, for example, testimony already received or which may be received during the course of the trial indicates to the trial judge that appellants are likely to abscond, or that appellants' freedom on bail constitutes a personal danger to trial witnesses or others, bail may be immediately revoked and appellants remanded to custody of the United States Marshal. We hold only that, taking at face value the trial court's statement of supporting reasons, they do not provide a substantial foundation for the action which the trial judge took at the outset of this trial in revoking the bail of these appellants.

The orders are reversed. Appellants shall be admitted to bail in such amount as the court in conformity with rule 46(c), Federal Rules of Criminal Procedure, deems proper unless on further consideration and in the light of circumstances additional to what the trial judge has so far relied upon, entry of new orders exonerating bail and remanding appellants during the progress of the trial are entered.

HAMLIN, Circuit Judge (dissenting).

I agree that the opinion of the court ably and correctly sets forth the contentions of the parties and the law as to the inherent power of the court as stated by Justice Harlan in Fernandez v. United States "to revoke bail during the course of a criminal trial, when such action is appropriate to the orderly progress of the trial and the fair administration of justice." I respectfully disagree, however, with the conclusion reached by my brothers. To me, the representations made to the court, together with his personal observations, were such that I am unable to say that the action of the district judge should be reversed. To quote the further language of Justice Harlan in Fernandez v. United States:

> "I do not feel that I can say that the trial judge here acted arbitrarily or capriciously in determining that the expeditious conclusion of the trial required the remand of all the defendants, the only basis on which I would be warranted in interfering with the action of the trial judge in a matter of this kind."

I would affirm.