**Paul John CARBO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Joseph SICA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17639.**

United States Court of Appeals
Ninth Circuit.

Jan. 22, 1962.

William B. Beirne and A. L. Wirin, Los Angeles, Cal., for appellant Paul John Carbo.

Russell E. Parsons and Edward I. Gritz, Los Angeles, Cal., for appellant Joseph Sica.

Francis C. Whelan, U. S. Atty., Robert E. Hinerfeld, Asst. U. S. Atty., Los Angeles, Cal., and Alvin H. Goldstein, Jr., Sp. Asst. to Atty. Gen., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge.

Appellants in this case have petitioned this court for bail pending their appeals from convictions of offenses under the General Conspiracy Statute, 18 U.S.C. § 371, the Hobbs Anti-Racketeering Act, 18 U.S.C. § 1951, and the Interstate Extortion Communication Statute, 18

U.S.C. § 875(b). Upon these convictions Carbo has been sentenced to twenty-five years' imprisonment and a ten thousand dollar fine. Sica has been sentenced to twenty years' imprisonment and a ten thousand dollar fine.

Petition for bail pending appeal has been made to the district court and has been denied, the district judge basing his denial upon his prophecies in two distinct areas. He found likelihood that if these appellants are released from custody, (1) they would abscond, and (2) trial witnesses would be molested and threatened and perhaps actually harmed.

■ While this is not technically an appeal from the action of the district court, but is an original application to this court, our function remains essentially one of review. As this court stated in Fiano v. United States, 9 Cir., 1958, 259 F.2d 135, 136:

"But if we hold the appeal is not frivolous, we still have the question of whether defendant is a good risk to respond to further orders of the court in this case. That is something this court is not equipped to do in the ordinary case on a cold record. The trial court is in a position to do so and in the ordinary case should not be disturbed by an appellate court."

Appellants here contend, first, that there is no sufficient evidence to justify the district court's determination that they are likely to abscond and, second, that the likelihood that trial witnesses will be molested is not at this stage in the proceedings a proper consideration.

As to the first contention, there is ample evidence in the record to warrant a lack of trust in these appellants to respond to the order of this court that they surrender themselves for service of sentence.

Appellants assert, however, that this court has already (in an appeal from an order of the district court denying bail pending trial) established that a likelihood of absconding does not exist as to them. Carbo v. United States, 9 Cir.,

March 3, 1961, 288 F.2d 282. In that case it was stated at page 286:

"There must, however, be a reasonable foundation in the sense that circumstances are found to exist, however that finding is supported, which would warrant the court, in the exercise of a sound discretion, in believing that flight was likely and that revocation of bail was the necessary deterrent.

"We do not believe that such a foundation was shown here."

and later at page 287:

"Carbo's avoidance of arrest elsewhere on other charges seems hardly relevant when the fact is undisputed that he has always responded to bail when posted."

These appellants may indeed have responded to bail in the past, but never has their trustworthiness been tested under the circumstances which now apply. It is one thing to surrender oneself for a trial which may result in a verdict of not guilty. It is a far different thing to surrender oneself for execution of sentence, particularly sentences of the severity of those with which these appellants are faced.

We cannot say then that the district court's determination as to likelihood of flight is without sufficient factual foundation in the record. The question remains, however, as to whether bail in an adequate sum could prove an effective deterrent. As we shall discuss later in this opinion, we do not feel that the views of the district court upon this question appear with sufficient clarity.

■ Upon the second contention, with reference to the protection of witnesses, the district court apparently was guided by the opinion of this court in Carbo v. United States, March 15, 1961, 288 F.2d 686, certiorari denied, 365 U.S. 861, 81 S.Ct. 827, 5 L.Ed.2d 823. This court having reversed the district court upon its denial of bail (288 F.2d 282, as quoted supra), that court denied defendants' renewed motion for bail pending trial upon the ground that such action was

necessary for the protection of trial witnesses. We affirmed. The basis for such affirmance appears from language in the earlier opinion where we stated, 288 F.2d 282, 285:

"When a criminal trial is in actual progress there must be an accommodation between the right of a defendant to be free on bail and the inherent power of the court to provide for the orderly progress of the trial. Where release on bail poses no substantial threat to the orderly progress of the trial, the imperatives of the Constitution and the rule require that the right to preconviction bail be honored. * * *

"If, however there is reason to believe that a trial actually in progress may be disrupted or impeded by the flight of the defendant, or by his activities in or out of the courtroom during the trial, the fair administration of justice is itself jeopardized. In that event the court may give precedence to its inherent power and revoke bail if necessary for the duration of the trial."

This justification for denial of bail ceased, however, when trial was concluded. There was from that point no proceeding pending before the district court whose orderly progress warranted protection in this manner. It was then error of law for the district judge in the present matter to deny bail pending appeal upon this ground.

■ Ordinarily where a court has denied bail upon the ground that flight is likely the only reason for its action is its view that bail could not serve as an effective deterrent. A reviewing court would be justified in such a case in assuming that such a necessary factual determination had been made. Here, however, the order does not so clearly flow from such a determination. Irrespective of the deterrent effect of bail on flight, an outright denial of bail was the only manner in which the court could protect against the other contingencies with which it was erroneously concerned.

As a consequence, we are left uncertain of the district judge's views upon an essential issue of fact: accepting the untrustworthiness of these appellants and the likelihood of their flight if released from custody, would bail in any suitable amount serve as an effective deterrent?

Under these circumstances, we are in the same position as that in which this court found itself in Fiano v. United States, supra, where three reasons had been given by the district court for denial of bail pending appeal, two of which were felt to be insufficient. Accordingly, we shall take the same course as was followed there.

The matter of bail is remanded to the district court for further consideration of the question whether bail can be so fixed as to provide an effective deterrent to flight. We feel it appropriate to remark, as we did in Fiano, 259 F.2d at page 137:

"This remand is not to be considered a 'gentle intimation' that the court should rule one way or the other."

The present motion for bail pending appeal is denied without prejudice.