UNITED STATES of America, Appellee,

v.

Carlie DiPIETRO et al., Defendants-Appellants.

Docket 27520.

United States Court of Appeals Second Circuit.

Argued April 23, 1962.

Decided April 25, 1962.

Theodore Krieger, New York City, for appellants.

Jonathan L. Rosner, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, William M. Tendy, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

PER CURIAM.

This application, which appeared on our motion calendar as a motion for an order reversing an order of Judge MacMahon in the Southern District of New

York, revoking appellants' bail and remanding them into custody during the second trial of United States v. Bentvena, 60 Cr. 436, is in reality an appeal, Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Recognizing that "Relief in this type of case must be speedy if it is to be effective," 342 U.S. 4, 72 S. Ct. 3, 96 L.Ed. 3, we indicated at the argument that we would so treat the motion, subject to the filing of an appropriate notice of appeal, and would review the original papers in the District Court that were called to our attention. No one objected to that course.

The motion of the United States leading up to Judge MacMahon's order was appropriately heard, on April 4, 1962, in the robing room, on the basis that public disclosure of some of the Government's allegations might prejudice the defendants, and the minutes were sealed. Pursuant to order of this Court dated April 13, 1962, these minutes were made available to appellants' counsel and were submitted to us on the argument. Judge MacMahon directed the remand during the afternoon of April 4 (Tr. 525).

Although the matters urged by the Government in the robing room (Tr. 169–188), if viewed alone, might not be a sufficient foundation for the judge's action, see Carbo v. United States, 288 F. 2d 282 (9 Cir. 1961), and the incident that triggered his decision (Tr. 458–459, 522–525), when seen only in the typewritten transcript, does not seem so significant to us as it did to him,[1] the issue is not to be decided on any such keyhole approach. The matter did not come before Judge MacMahon as *tabula rasa*; he judicially noticed the circumstances that had led Judge Levet to take similar action at the previous trial—action which was unanimously sustained by this Court, United States v. Bentvena, 288 F.2d 442 (2 Cir. 1961) and with which Mr. Justice Harlan declined to interfere, Fernandez v. United States, 81 S.Ct. 642, 5

L.Ed.2d 683 (1961). We are far from suggesting that because Judge Levet remanded during the first trial, Judge MacMahon would have been warranted in doing so without further consideration at the second; but we equally cannot accept appellants' argument that the mistrial in the first case, declared at the end of 5½ months because of injury to the foreman of the jury on the eve of summation when all alternates had been exhausted, see United States v. Galante, 298 F.2d 72 (2 Cir. 1962), blotted out all the reasons that were previously held sufficient to justify Judge Levet's action. Rather, in view of the affirmance of that action by this Court and the memorandum of Mr. Justice Harlan, the starting point of our inquiry must be whether, through the lapse of time or otherwise, what were there deemed sufficient reasons for remanding the defendants were no longer adequate, and, if so, whether these factors were sufficiently reinforced by later incidents to warrant Judge MacMahon's action. In fact, the two phases of the inquiry had best be considered together.

■■ Appellants claim that, at the time of the remand, the retrial before Judge MacMahon, which had begun only on April 2, had not "been bedeviled by frequent delays" or a "succession of misadventures," 288 F.2d 445, such as had occurred during the two months before Judge Levet's remand in the first trial. Although that was almost necessarily so, Judge MacMahon was not obliged to forget all that had happened in the trial before Judge Levet, both before and after the remand. He might also appropriately take account of the unusual difficulties that had been encountered with certain defendants in arranging for their retrial and of some incidents which might well seem to indicate a renewal of the "misadventures" of the previous trial (see the petition for mandamus of defendants Angelo Loicano, Carmine Panico and Sal-

---

1. We should take a more serious view of certain incidents, occurring after the remand [Tr. 1441 (Sciremanno); 1558 (Angelo Loicano, Struzzieri, Bentvena)], which are distinctly reminiscent of the behavior of various defendants at the earlier trial.

vatore Panico and the petition for mandamus of defendant Mirra, denied April 4, 1962). Moreover, although none of the matters presented by the Government in the robing room, which, in the defendants' interest, had better not be broadcast, was established against the defendants by legal proof and any one of them might be susceptible of an entirely innocent explanation, they gain in combination a force beyond what they have in isolation. Taking them along with all that had gone before, we cannot say the judge lacked "a reasonable foundation," 288 F. 2d 286, for his action. Although "the power of the trial court" to revoke bail during trial "should be exercised with circumspection," 288 F.2d 445, we, like Mr. Justice Harlan, "cannot possibly have the same full 'feel' of the atmosphere" of these proceedings as the district judges who are directly concerned, and we must recognize the enormous stake of the Government and the defendants that the instant trial, unlike its predecessor, should proceed without interruption to a conclusion. Accordingly the order is affirmed.