Anthony FERNANDEZ a/k/a Tony Fernandez, Burl Elton Dalgleish and Carl G. Pratt, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18467.

United States Court of Appeals Ninth Circuit.

Feb. 19, 1963.

Oscar D. Howlett, Portland, Or., for appellants.

Brockman Adams, U. S. Atty., and John S. Obenour, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Following the conviction and sentence of Anthony Fernandez on eight counts pertaining to violations of 18 U.S.C. §§ 2314 (interstate fraud), and 371 (conspiracy), and after a hearing held on February 1, 1963, bail on appeal was set at $100,000. This was in addition to $50,000 bail which had been posted and which is still posted pending trial on five additional counts pertaining to violations of 18 U.S.C. §§ 152 (bankruptcy fraud) and 371. Appellant has now moved in this court for an order reducing bail on appeal from $100,000 to $25,000, the $50,-000 bail on the untried counts also to remain in effect.

The Government resists the motion on two grounds, the first being that Fernandez' proper remedy is to move in the district court for reduction of bail and then to appeal to this court from an order denying such motion, assuming it were denied. Cohen v. United States, 9 Cir., 283 F.2d 50, is cited as authority for the view that the matter of reducing bail on appeal can only be brought to us in this way.

In Cohen, appellant appealed from a district court order increasing bail pending trial. He then moved in this court for bail pending that appeal or, in the alternative, to reduce the bail then posted. This motion was not acted upon, or was impliedly denied without prejudice, for the reason that the appeal itself was dismissed on grounds not here pertinent.

Where a motion for bail pending appeal, as distinguished from bail pending trial, has been denied in the district court, it may be immediately renewed here. See Rules 38(c) and 46(a) (2), Federal Rules of Criminal Procedure; Carbo v. United States, 9 Cir., 300 F.2d 889; 302 F.2d 456, 457; 82 S.Ct. 662, 7 L.Ed.2d 769, opinion of Circuit Justice Douglas; 369 U.S. 868, 82 S.Ct. 1137, 8 L.Ed.2d 274, application to Supreme Court to review order of Circuit Justice denied. We think the same rule applies where the relief sought is a reduction of bail pending appeal.

 The second ground on which the Government resists the motion is that the bail pending appeal was set at $100,-000 after due consideration by the district court of the nature and circumstances of the offense charged, the weight of the evidence, the financial ability of appellant to give bail, and the character of appellant. These are the indicia specifically mentioned in Rule 46(c) Federal Rules of Criminal Procedure, as matters to be taken into consideration in fixing the bail at such amount as will insure the presence of the defendant.

The difficulty here, however, is that the district court has not indicated by findings, conclusions, written or oral opinion, or colloquy from the bench that due consideration was given to these criteria and that, applying them to the facts of this case, bail in the amount set was necessary to insure appellant's presence. About the only reason given for setting the bail at that figure, insofar as the record before us discloses, is that the grand jury had suggested $100,000 bail pending trial and while that bail was actually set at $50,000, the grand jury's suggestion is reasonable now that appellant has been convicted.

In our opinion it may not be fairly implied from this statement of reasons that the district court took into consideration all of the required Rule 46(c) criteria. Moreover, there is some indication that the district court may have thought that, in fixing bail pending appeal, the presently posted $50,000 bail pending trial on the other counts should not be considered because it was already "committed." This would be a misconception since, by appropriate order followed by such changes in the present $50,000 bail bond as might be necessary, that bond could be made part of the bail pending appeal as well as bail pending trial on the other charges.

The ground on which appellant seeks a reduction of bail is that the total bail required of him ($150,000) is excessive and, under the circumstances, amounts to a denial of bail pending appeal. In support of his motion appellant alleges the following facts which are not disputed: appellant at all times made required appearances while under $50,000 bail pending trial; he is forty-two years old, has been married twenty-one years, has four children, and has lived all his life in the Kelso-Longview, Washington area; he is diligently prosecuting his appeal and has expended substantial sums to that end; and substantial questions have been raised on the appeal.

In view of the foregoing and because of the pendency of untried counts which enables the district court to give further attention to the matter of bail, it is our order that bail pending appeal be reduced from $100,000 (in addition to the $50,000 bail pending trial of other counts) to $25,000 (in addition to the $50,000 posted bail) provided that the $50,000 bail bond now on file be so amended, or a substitute therefor be so conditioned, that it will also constitute additional bail on appeal, the bail bond on appeal to be approved as to form and sureties by the district court.

In the event the Government is of the view that the total $75,000 bond thus ordered is insufficient, it may move in the

district court for an increase in the bail pending trial on the untried counts. That bail was set before appellant had been convicted on any counts, and if there is actually good reason to require substantially higher bail pending appeal there would seem to be like reason for increasing the bail pending trial. Our opinion and order herein is not to be taken as foreclosing such proceedings, but only as dealing with the record before us which, as above indicated, fails to show that the district court took into consideration the factors prescribed in Rule 46(c).