**UNITED STATES of America**

**v.**

**John Defino MARTONE.**

**No. 62–67.**

United States District Court
D. Puerto Rico.
April 18, 1968.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Milton E. Grusmark, Miami Beach, Fla., for defendant.

## MEMORANDUM AND ORDER

### Statement of Facts

FERNANDEZ-BADILLO, District Judge.

The defendant John Defino Martone was indicted on August 7, 1967 on two counts for a violation of the Federal Narcotics Act, to wit: Title 26, United States Code, Section 4704(a), for purchasing of cocaine, and Title 21, United States Code, Sections 171, 173, and 174, for receiving and concealing said narcotic drug. Defendant's jury trial was held on September 25, 1967 before Hon. Judge George H. Boldt, who at that time had a temporary assignment in this District. Defendant was represented by Mr. Irwin Zemen, a member of this Bar. Defendant was found guilty on both counts and on October 2, 1967 he was sentenced to seven years in each count but to serve the same concurrently and not consecutively. On December 15, 1967 the defendant, represented this time by a different attorney, Mr. Milton E. Grusmark, from Miami Beach, Florida, filed a Motion for Supersedeas requesting from this Court the fixing of a bond pending the disposition of defendant's appeal to the United States Court of Appeals for the First Circuit.

A hearing was automatically set for January 4, 1968, according to Rule 2(a) of this Court. Hearing having been called on such matter, I informed defendant's lawyer, Mr. Grusmark, that I intended to refer his motion for bail pending appeal to Judge Boldt, the trial judge in this case, who was familiar with the same while I lacked sufficient knowledge of the record. His lawyer opposed my suggestion and presented an oral request for a ruling that would allow him to take his motion before the Court of Appeals.

Faced with the doubt whether it was proper for me instead of the trial judge to hear the motion, I decided to listen and entertain it. I asked for the file and transcript of the criminal proceedings as well as the presentence report considered by the trial judge. Counsel for the defense and the U. S. Attorney were directed to submit written memorandum on the matter. Defense counsel requested that instead he be permitted to file a copy of the brief which he would present to the court of appeals. Said request was granted at the hearing. Counsel did not do this and on January 10, 1968 submitted a brief pending appeal which, save for claiming his right to bail pending appeal under Rule 46(a) (2) of the Federal Rules of Criminal Procedure, was limited to indicating a sort of state-

ment of points on appeal. On February 21, 1968 the U. S. Attorney filed his brief in opposition to the granting of bail pending appeal and it was not until April 1st, 1968 that the defense complied with its previous offer of bringing before this judge a copy of his brief on appeal.

## I

■ Before ruling on the merits of the motion, I believe it proper to express my thoughts as to the doubt which I bore at the time of the hearing. The doubt is still with me: whether any district judge, who was not the trial judge by whom the criminal proceedings were presided, can entertain a motion of this nature. I believe the attorney's opposition, during the hearing, to have the motion sent to Judge Boldt, the trial judge, was erroneously taken and my intervention in resolving said motion is, at least, doubtful.

■ Neither cases nor commentaries have shed enough light so as to completely erase this doubt. Nevertheless, it is well to anticipate that Rule 46(a) (2) clearly refers to the trial judge as the person who in addition to the Court of Appeals or any of its judges and to the circuit justice can grant bail pending appeal but there is nothing in this Rule that would indicate that any of the district judges who did not act as a trial judge can grant bail on appeal under any circumstances.

A few commentaries on Rule 46(a) (2) based on cited decisions just refer to the allowance of bail pending appeal by the trial judge as a prerequisite or preliminary to application for bail in the courts of appeals, but not as excluding judges, other than the trial judge, of the district courts. See 8 Moore's Federal Practice, § 46.10, p. 46–35; and 4 Barron & Holtzoff, Federal Practice and Procedure § 2503, p. 414.

These commentaries, however, point out as an important fact to be considered that the judge who is going to pass first on the question of bail is the one who is familiar with the case and is in a better position to evaluate the factors involved.[1] This is true as to the trial judge, but it is not as true of a district judge other than the trial judge. Such other district judge is in exactly the same position as an appellate court or judge.

The opinion in the case of United States v. Motlow (7th Circuit, 1926) 10 F.2d 657, 662 mentions a Senior Circuit Judges Conference recommendation in the sense that "application for bail should be made to the *trial judge* in the first instance." (Emphasis supplied) See Bennett v. United States (5th Cir., 1929) 36 F.2d 475, 476–477.

Upon considering a rule similar to the one presently in force, it was said in United States v. Hansell (2nd Cir. 1940) 109 F.2d 613, at pages 613–614:

" * * * The situation is covered by Rule VI of the Supreme Court Rules of Practice and Procedure after Plea of Guilty, 28 U.S.C.A. following section 723a, which so far as relevant reads as follows: 'Bail may be granted by the trial judge or by the appellate court, or, where the appellate court is not in session, by any judge thereof or by the circuit justice.' While we cannot find that any court has construed these words, we think that their meaning is clear. Verbally, it is true, the defendant may apply in the first instance either to the trial judge or to the circuit court of appeals if it is in session; and it might even be held that having applied to one, he must be content. We do not so understand the rule; rather we think it means that he may apply to both. That being so, it is obviously desirable that he shall first apply to the trial judge, who necessarily knows more of the case than the circuit court

---

1. Moore's commentaries, supra, say: "It is understood that the trial judge is ordinarily in a better position to evaluate the risk and any other factors involved." Barron & Holtzoff's commentaries, supra, say: "Since however the trial judge is familiar with the questions involved, common sense dictates that he should first pass on the question of bail."

of appeals can learn, certainly while the record remains in the district court, as it almost always does. His ruling will help us greatly; particularly if he states why he does not think the appeal raises any 'substantial question which should be reviewed'. In that event, the defendant will have to satisfy us that the judge's reasoned conclusion should not prevail, and we shall not be left in a welter of assertion and counter-assertion in affidavits from which we have no adequate means of emerging."

Again, in the dissent of Carter v. United States, (1967) 120 U.S.App.D.C. 62, 343 F.2d 344 at p. 345 it was said:

"A threshhold question regarding bail pending appeal is whether 'the appeal is frivolous or taken for delay' Rule 46(a) (2), Fed.R.Crim.P. Here the trial court's instructions on flight and unexplained possession of recently stolen property are alleged as error on appeal, although objections were not made below. Whether these instructions could be 'plain errors or defects affecting substantial rights,' Rule 52 (b), Fed.R.Crim.P., depends in large part on whether there was significant evidence other than flight and unexplained possession to support the jury verdict. The trial court's intimate knowledge of the record is essential not only for determining whether the issue is frivolous but also for providing this court with findings and reasons to facilitate our consideration of the application for bail, if it is denied by the trial court. Furthermore, the trial court may easily reach and verify other sources of information pertaining to fitness for bail or amount of bail."

In view of the foregoing, I think that defendant's counsel should have acquiesced to have his motion for bail on appeal referred to Judge Boldt.

## II

Since, upon the opposition of defendant's counsel to have the matter referred to Judge Boldt, I decided to hear and entertain defendant's application, I now have to pass and decide upon its merits

instead of Judge Boldt, although with somewhat reasonable delay, considering defendant's counsel own choice of course of action.

After having had an opportunity to read and study the Courts file of defendant's case, the transcript of the trial's record, the presentence report and the parties memoranda, I concluded that defendant was not entitled to a granting of bail pending appeal. I have had in mind several factors.

First of all, I considered the points relied upon on appeal not substantial nor well founded in law. I rather considered the appeal frivolous. Although I am fully aware that it is not the duty of the judge hearing such application to pass upon the merits of the case, I decided to read the brief of defendant's counsel before the Court of Appeals, as he had offered to send me a copy. With due respect to the Court of Appeals—the higher rank of which I do not pretend to usurp —and only because of the difficult task imposed upon me, I must say that the arguments of said brief did not impress me otherwise. It rather ratified my first impression that the designation of points relied upon on appeal were frivolous.

■■ There is no absolute right to bail after conviction and pending appeal. United States v. Piper (D.C.Tex.1964) 227 F.Supp. 735, 740; Conners v. United States (1966) 124 U.S.App.D.C. 312, 365 F.2d 503. An appeal is said to be "frivolous" where it presents no debatable question or no reasonable possibility of reversal, the word meaning of little weight or importance, not worth notice, slight. United States v. Piper, supra.

■ Even where the appeal is not frivolous, there are other considerations to be applied to the circumstances at hand in determining whether to grant or deny bail. These considerations vest the Court hearing the application with broad discretion to grant or deny bail on appeal. United States v. Piper, supra, 227 F.Supp. at pages 740–741; Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962), review denied 369 U.S. 868, 82 S.Ct. 1137, 8 L.Ed.2d 274 (1962).

The record and the presentence report show that on two previous occasions defendant had been convicted of criminal offenses, the last one being for attempted grand larceny in the first degree, in New York. The trial judge, upon imposing sentence in the present case, expressed that the total circumstances indicated to him that defendant was one of those who had been aiding and assisting in an important way in the nefarious traffic of narcotics in Puerto Rico. Attorney for the government has stated that it is considered likely that defendant will resume his illegal activities in the narcotics traffic once released on bail. The youth of Puerto Rico is presently suffering the destructive consequences of such traffic and I feel it is the duty of this Court to protect this youth. United States v. Erwing, (D.C.N.D.Cal., 1967) 268 F.Supp. 877.

For the above reasons, the Court, in the exercise of its discretion. believes that defendant is not entitled to bail pending appeal and, therefore, his application is hereby denied.

It is so ordered.