UNITED STATES of America, Appellee,

v.

Oscar S. MANN, Appellant.

No. 160, Docket 71–1678.

United States Court of Appeals, Second Circuit.

Argued Oct. 18, 1971.

Decided Nov. 8, 1971.

William B. Gray, Asst. U. S. Atty, New York City (Jon A. Sale, Asst. U. S. Atty., and Whitney North Seymour, Jr., U. S. Atty. for the S.D.N.Y., New York City, on the brief), for appellee.

Sandor Frankel, New York City (Louis Bender, New York City, on the brief), for appellant.

Before MEDINA, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

■ In connection with the entry of appellant's plea of guilty to Count Two of an indictment filed on February 21, 1963, which charged appellant with knowingly signing and filing a false and fraudulent income tax return supposedly signed by his deceased father, appellant made an attempt to reserve his right, despite the plea of guilty, to appeal from the order, previously made, denying his motion to dismiss the indictment because of the delay in bringing the case on for trial. It is settled law in this Circuit that the point may be preserved for appeal provided the reservation is "accepted by the court with the Government's consent." United States v. Doyle, 348 F.2d 715, 719 (2d Cir. 1965). See also United States v. D'Amato, 436 F.2d 52, 53 (3d Cir. 1970).

■ Here neither the trial judge nor the prosecutor gave any consent whatever. All Judge Cannella said was, "I make no judgment at this time whether there is an appealable motion or whether any relief can be granted." The prosecutor said nothing. The consents referred to in Judge Friendly's opinion in Doyle must be clearly stated in writing or on the trial record and not left to equivocal inference. Accordingly, the guilty plea waived the claim of violation of rights under the Sixth Amendment as well as all other non-jurisdictional defects. United States v. Doyle, *supra*, 348 F.2d 715 (2d Cir. 1965); United States v. Spada, 331 F.2d 995 (2d Cir.), cert. denied, 379 U.S. 865, 85 S.Ct. 130, 13 L. Ed.2d 67 (1964).

The appeal is dismissed for lack of jurisdiction.