**1394**

UNITED STATES of America,
Plaintiff,

v.

Alton BLAUNER, Defendant.

No. 68 Cr. 168.

United States District Court,
S. D. New York.

Nov. 19, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. Dist., for plaintiff; Arthur A. Munisteri, New York City, of counsel.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for defendant Hegyi; Arthur L. Liman, New York City, of counsel.

Frank G. Raichle, Buffalo, N. Y., for defendant S. Stein.

Feldshuh & Frank, New York City, for defendant Allen; Sidney Feldshuh, Wynne B. Stern, Jr., New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Defendant Blauner moves herein, pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, to withdraw his prior plea of guilty herein and, pursuant to Rule 48(b) of said Rules, for dismissal of the indictment on the ground that he was denied his right to a speedy trial because the Government has unnecessarily delayed the prosecution of his case.

This Court heretofore, on August 5, 1971, 337 F.Supp. 1383, dismissed the indictment against co-defendants Allen, Hegyi and Stein because of unnecessary delay by the Government in the prosecution of this matter, and the opinion of that date set forth in some detail the factual basis for such dismissal. A

fourth defendant, Davis, died earlier in 1971.

The indictment herein was filed on February 17, 1968 and charged Blauner and four others with a conspiracy to violate various federal securities laws with respect to the common stock of Terminal Hudson Electronics, Inc. Blauner and one other defendant, Allen, were also charged in two substantive counts with committing frauds.

Approximately one and one-half years following the filing of the indictment, in November 1969, Blauner moved for certain discovery and particulars. In January of 1970, the Government consented to supply some particulars and discovery and a stipulation between the parties was signed, disposing of the motions. At about this time, the Government counsel supplied Blauner's counsel with a copy of Blauner's testimony before the grand jury on February 19, 1968. The Court has examined the minutes *in camera.*

Early in September of 1970, this case was assigned to me, and on September 29, 1970 a pre-trial conference was held in chambers for the purpose of determining the posture of the case and with a view to agreeing upon a date for trial. Although Blauner's counsel was not present, the Assistant United States Attorney stated that he had spoken with him and that he was anxious to get this case tried. A subsequent conference was scheduled for November 24, 1970, at which time the Government was still in default of the outstanding orders directing it to permit discovery and furnish bills of particulars. The Government, at that time, advised the Court that it would request a severance as to defendant Blauner and would further request that he be tried in advance of the other defendants.

Thereafter, in February 1971, the trial of said defendant was set for April 12, 1971, before me. Prior to the trial date, the Government was advised by counsel that Mr. Blauner wished to withdraw his plea of not guilty and enter a plea of guilty to Count 1 of the indictment; and a plea of guilty was entered by Mr. Blauner on April 13, 1971. Thereafter, in June 1971, the other defendants moved to dismiss the indictment, which, as already noted, resulted in the dismissal of August 5, 1971.

It is significant to note that while certain of the other defendants had persisted over a substantial period of time with demands for the bill of particulars and discovery, such was not the case with defendant Blauner after he had received a copy of his testimony before the grand jury. Apparently even before the indictment was returned Blauner had cooperated fully with the Government, had confessed fully his participation in the crime charged, and had indicated that he would be willing to testify against the other defendants. Although he may have changed such attitude thereafter, it seems clear that had the remaining defendants gone to trial he would have been a Government witness.

■■■■ While the Court appreciates the dilemma in which Mr. Blauner presently finds himself, this does not warrant the grant of the relief sought. In his papers in support of the motion, Blauner does not claim that his plea of guilty was offered because of any coercion or misapprehension of either fact or law, nor does he make any assertion of innocence. As stated by the Court of Appeals for this circuit in United States v. Norstrand Corp., 168 F.2d 481, 482 (2d Cir. 1948), "[w]hen a defendant who has pleaded guilty makes application to withdraw his plea, he should at the very least allege that he was not guilty of the charge to which he pleaded." *See also* United States v. Lo Duca, 274 F.2d 57, 59 (2d Cir. 1960); United States v. Lester, 247 F.2d 496, 501 (2d Cir. 1957); United States v. Paglia, 190 F.2d 445, 447–448 (2d Cir. 1951). Plaintiff does not merely seek permission to withdraw his plea and stand trial. He seeks dismissal of the indictment because of unnecessary delay in the prosecution of the case, and his counsel has indicated that the withdraw-

al of his plea would be contingent upon a contemporaneous dismissal of the indictment.

 With respect to his motion for dismissal of the indictment, he attempts to place himself in the position of those co-defendants who secured dismissal of the indictment and yet he makes no showing of prejudice by the delay. Had there been any prejudice he could have moved to dismiss the indictment prior to the time he pleaded guilty, and, assuming the Government consented, could have preserved this claim for appeal had his motion been denied. United States v. Mann, 451 F.2d 346 (2d Cir. 1971). Not having done so, his guilty plea waived any claim of violation of rights under the sixth amendment as well as other non-jurisdictional defects. United States v. Mann, *supra* at 347. Accordingly, the motion to withdraw the guilty plea must be denied, as is the motion to dismiss the indictment.

So ordered.