**UNITED STATES of America,**
**Plaintiff,**

v.

**Walid WARWAR, Defendant.**
**Crim. No. 43–72.**

United States District Court,
D. Puerto Rico.

July 14, 1972.

See also D.C., 346 F.Supp. 90.

Julio Morales Sanchez, U. S. Dist. Atty., Old San Juan, P. R., for plaintiff.

Santos P. Amadeo, Rio Piedras, P. R., for defendant.

TOLEDO, District Judge.

## ORDER

Defendant, Walid Warwar, filed two motions on June 21, 1972, the first one for bail pending appeal and the second one requesting a stay of transfer of defendant to the United States.

The motion for bail pending appeal is based on three basic grounds:

a) defendant's plea of guilty is null and void because he did not waive his right to trial by jury expressly and intelligently;

b) defendant's plea of guilty is null and void because he was not appraised that such a plea constituted a waiver of his right to attack the constitutionality of the composition of the jury panel in this Court; and

c) defendant's plea of guilty is null and void because he did so entirely on his own without assistance and advice of counsel and unaware of the consequences.

The Court has had the benefit of legal memoranda submitted by the parties on

the issues and the matter stands submitted. The relevant procedural facts are as follows:

Defendant Walid Warwar was indicted on February 2, 1972. The indictment in three counts charges violations of Title 21, United States Code, Section 846 (conspiracy), 952(a) (importation of a narcotic drug controlled substance) and 841(a)(1) (possession of a narcotic drug controlled substance with the intent to distribute). Arraignment was held on March 3, 1972. On May 16, 1972, the case was called for trial before the Honorable John L. Miller, United States District Judge sitting by special appointment. Upon the case being called for trial, counsel for the defendant immediately made a motion to strike the jury panel on the grounds that it was illegally constituted. After a hearing, the motion was denied. Subsequent to the motion being denied, counsel for defendant announced that his client was ready to change his plea as to all counts of the indictment. At the same time, counsel informed the Court that "It was his understanding that the government will stipulate and agree that I will be permitted to appeal on constitutional grounds as to the selection of the Jury", to which the Assistant United States Attorney replied: "That is correct . ." (Transcript of Proceedings II, Page 2).

Thereupon, the Court proceeded to take defendant's plea.

Rule 46(a)(2) of the Federal Rules of Criminal Procedure,[1] and Title 18, United States Code, Section 3148,[2] provide the criteria for release pending appeal. In the case at bar, this Court is of the opinion that defendant Walid Warwar fails to meet the standards set forth in said rule and statute.

 There is no merit to any of defendant's three contentions that his plea of guilty is null and void because he did not waive jury trial or because he was not appraised that such plea constituted a waiver of his right to attack on appeal the constitutionality of the composition of the jury panel or lastly, that he entered his plea on his own without assistance and advice of counsel, unaware of the consequences.

 Defendant's first contention is easily disposed of. A reading of the transcript of proceedings readily convinces us that defendant's plea was entered in strict compliance with the requirements of Rule 11, Federal Rules of Criminal Procedure[3] and defendant's waiver of jury trial was knowingly and intelligently made.

 Defendant's second argument to the effect that his plea constituted a

1. Rule 46(a)(2) of the Federal Rules of Criminal Procedure provides in part:
 "Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay. Pending appeal to a court of appeals, bail may be allowed by the trial judge, by the court of appeals, or by any judge thereof or by the circuit justice, to run until final termination of the proceedings in all courts. * * *."

2. The applicable disposition of Title 18, United States Code, Section 3148, reads:
 "A person * * * (2) who has been convicted of an offense and * * * has filed an appeal * * * shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reason-

ably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained. * * *."

3. Rule 11 of the Federal Rules of Criminal Procedure reads in part:
 "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such a plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea * * *."

waiver to appeal the composition of the jury on constitutional grounds is also frivolous. The record of proceedings clearly shows that such point was expressly preserved for appeal by virtue of the stipulation entered by the government. Such procedure is permissible, as it has been pointed out in United States v. Mann, (2 Cir. 1971) 451 F.2d 346; Jaben v. United States, (8 Cir. 1964) 333 F.2d 535, affd. 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965); United States v. Doyle, (2 Cir. 1965) 348 F. 2d 715–719; United States v. Blauner, (D.C.N.Y.1971) 337 F.Supp. 1394, 1396.

■ Defendant's final contention is that he entered his plea on his own without the assistance and advice of counsel unaware of the consequences. This allegation is without basis. Careful scrutiny of the transcript of proceedings leads this Court to the conclusion that petitioner was ably assisted by diligent and competent counsel. It is doubtful that any other counsel could have done better for the defendant under the circumstances. This Court is convinced that defendant's plea resulted from the overwhelming evidence of guilt available to the government, who stood ready to enter trial with all its witnesses available, and not the result of inadequate representation. In order for this Court to make a determination that counsel has been inadequate, there must be a showing that counsel was so incompetent that it made the trial a mockery, a sham, a farce requiring the Court to intervene in defendant's behalf. See Bottiglio v. United States (1 Cir. 1970) 431 F.2d 930, and cases cited therein. In the case herein, defendant had two well known, skilled and experienced retained counsel.

■ Furthermore, irrespective of any merit in defendant's three basic contentions, the Court is of the opinion that it must deny defendant's motion for bail pending appeal for two additional reasons. First of all, the defendant stands convicted upon his plea of guilty to conspiracy to import 1.1 pounds of cocaine, of possession with the intent to distribute said substance and of illegal importation of the same. Such amount of narcotics reflects a large scale operation rather than an isolated case of importation for personal use. Thus, a convicted felon under such circumstances represents a clear danger to the community. Under similar circumstances, courts have denied bail pending appeal. See United States v. Martone, (D.C. Puerto Rico 1968) 283 F.Supp. 77; United States v. Davis, (D.C.D.C.1965) 37 F.R.D. 450. Secondly, the record shows defendant to be an alien born in Haifa, Palestine, and a citizen of Jamaica, without any ties to this community. Under this condition the possibility of flight is real and apparent, warranting the motion for bail pending appeal to be denied.

In view of the foregoing, this Court is of the opinion that it should, in the exercise of its discretion, deny the defendant's motion for bail pending appeal. United States v. Martone, supra.

■ Defendant's second motion is to stay transfer of defendant to the United States. Nothing has to be said about this last motion since the same has now become moot for the defendant was transferred to the United States prior to the entry of this Order.

Wherefore, defendant's motion for bail pending appeal and for requesting a stay of transfer of defendant to the United States, must be and are hereby denied.

It is so ordered.