*United States v. Jackson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand twenty-three.

Present:
>     DEBRA ANN LIVINGSTON,
>         *Chief Judge*,
>     BETH ROBINSON,
>     MARIA ARAÚJO KAHN,
>         *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>     *Appellee*,

>     v.                                                    21-2344

DONNIE LEE JACKSON,

>     *Defendant-Appellant.*

---

For Appellee:                          KATHERINE A. GREGORY, Assistant United States Attorney *for* Trini E. Ross, United States Attorney, Western District of New York, Buffalo NY.


For Defendant-Appellant:               AMEER BENNO, Benno & Associates P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Donnie Lee Jackson ("Jackson") appeals from the September 9, 2021 judgment of the United States District Court for the Western District of New York (Siragusa, *J.*) convicting him, following a guilty plea, of one count of possession of child pornography including prepubescent images in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). On September 22, 2021, Jackson was sentenced to 156 months' imprisonment.

In his appeal, Jackson argues as follows: 1) he did not waive his right to appeal the denial of his suppression motion, but entered a conditional plea; 2) if his plea was unconditional, his counsel's assistance was ineffective and the plea was not knowing and voluntary; and 3) the district court erred in denying his motion to suppress evidence seized following a May 7, 2018 parole officer search of his car. In resolving this appeal, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I. **Waiver**

A. **Unconditional Waiver**

"The cases are legion that '(a) plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects.'" *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir. 1965) (internal citation omitted); *see also United States v. Bastian*, 770 F.3d 212, 217 (2d Cir. 2014) (citing *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003)). As relevant here, "a guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment."

*Haring v. Prosise*, 462 U.S. 306, 320 (1983); *see also United States v. Pattee*, 820 F.3d 496, 508 (2d Cir. 2016) (summary order) (noting that "the right to appeal the denial of an earlier suppression motion is waived by a guilty plea unless the right to appeal is specifically reserved"). To reserve the right to challenge an allegedly incorrect denial of a suppression motion, a defendant who pleads guilty must obtain "the consent of the court and the government" and "enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of [the] specified pretrial motion." Fed. R. Crim. P. 11(a)(2).

Jackson did not obtain the consent of the district court and the Government to appeal the denial of his suppression motion, nor did he reserve in writing the right to do so. He contends that his guilty plea was conditional because the terms of his plea agreement waived only his right to appeal a sentence falling within or below the Guidelines range, thus implicitly reserving his right to appeal the denial of his suppression motion. But "the approval of the court and the consent of the government must be clear[,] 'not left to equivocal inference.'" *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) (quoting *United States v. Mann*, 451 F.2d 346, 347 (2d Cir. 1971)). And "[t]he issues preserved for appeal must be framed with precision and stated with specificity." *Id.* Here, like the defendant in *Coffin*, Jackson pleaded guilty with the assistance of counsel and did not reserve the right to appeal the denial of his motion. "In fact, at the time of the plea, he did not even mention his [suppression] claim[s]." *Id.*, *see also* App'x 344.22-344.23. Because nothing in the record demonstrates that Jackson reserved the right to press his constitutional claims, his plea was unconditional and his suppression arguments are therefore waived. *See Menna v. New York*, 423 U.S. 61, 62-63, n.2 (1975) (noting that a guilty plea "*quite validly* removes the issue of factual guilt from the case" and "renders irrelevant" constitutional violations that do not call factual guilt into question) (emphasis in original); *see also United States v. Jones*, 43 F.4th 94,

107 (2d Cir. 2022) ("When a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because *the conviction* does not rest in any way on evidence that may have been improperly seized.") (quoting *Haring*, 462 U.S. at 321) (emphasis in original).

### B. Knowing and Voluntary Waiver

Although "[a] defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea," he may "'attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'" *Coffin*, 76 F.3d at 497 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Jackson next protests that due to the ineffective assistance of his counsel and ambiguity in his plea agreement, he mistook the agreement to preserve his constitutional claims. This argument, too, is unavailing.

At the start, we are not persuaded that the plea agreement is ambiguous as to the waiver of Jackson's right to appeal the denial of his suppression motion. Jackson relies on a section of the agreement entitled "Statute of Limitations," in which he agreed not to assert the statute of limitations as a defense if the government moved to reinstate any charges dismissed "in the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise." App'x 336. But this language, when read together with the section in which he waived his right to appeal a sentence within or below the Guidelines range, describes instances in which jurisdictional defects—which may be challenged even absent a conditional plea—infect the proceedings. *See, e.g.*, *Hayle v. United States*, 815 F.2d 879, 881-82 (2d Cir. 1987) (discussing how a defendant who has pleaded guilty can sustain a jurisdictional challenge).

4

At any rate, to the extent Jackson alleges his counsel's assistance was ineffective in explaining the waiver of his right to appeal, this Court is "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004). Thus, the appropriate course of action as to this claim is for Jackson to raise his ineffective assistance argument in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. We decline to entertain this claim on direct appeal.

*       *       *

Having determined that Jackson's suppression motion is not properly before us, we decline to exercise jurisdiction to review it. For the foregoing reasons, Jackson's appeal is hereby **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5